GEORGE E. BARTLETT *vs.* INHABITANTS OF KITTERY.

York. Decided July 1, 1878.

*Way,—defective.*

A thing rightfully in the highway may constitute a defect by remaining there an unreasonable time; but to hold the inhabitants liable in such case, on the ground of notice, they must know not only that the thing is there, but that it is there under circumstances which constitute it a defect.

Thus, an eight ton boiler was transported from Kittery station towards the navy yard, its destination, and left in the highway at six P. M., and allowed to remain there, with knowledge of the inhabitants, till seven o'clock the next morning, when the plaintiff's horse took fright thereat, and in consequence ran away, and the plaintiff was hurt. *Held,* that, to render the inhabitants liable, it was necessary that they have reasonable notice not only that the boiler was there, but that it was unnecessarily there; in other words, knowledge of the illegal element which constitutes it a defect.

ON EXCEPTIONS.

CASE for injury from a defective highway. The defect alleged was a boiler weighing eight tons, which was hauled on trucks over the public highway from Kittery station towards the navy yard, its destination, and left in and partly over the wrought portion of the highway, from six o'clock, [probably in the afternoon of] June 21, 1875, until seven o'clock the next morning, when the accident occurred.

The plaintiff contended that the boiler was left without necessity by the persons having charge of its transportation, and thus rendered the way defective. The defendants contended that it was left there necessarily and was therefore not a defect. The presiding justice submitted this question to the jury under instructions not excepted to.

The evidence tended to prove that some of the citizens of Kittery had knowledge that it was left in the highway soon after it was left; and on the question of notice to the town of the alleged defect, the presiding justice, after instructing the jury what in general constituted a sufficient notice, gave the specific instruction which in the opinion appears; and the plaintiff, the verdict being against him, alleged exceptions.

*G. C. Yeaton,* for the plaintiff, contended that where a way is in fact defective, it is sufficient that the town have notice of its actual condition; that it is not necessary that the inhabitants recognize it as defective; that it was error to ground the defendants' liability upon the surveyor's finding an illegal leaving of the obstacle; that it imposed upon the surveyor the duty not of observing facts, but of determining law.

*M. A. Safford* with *I. T. Drew,* for the defendants, admitting that the general rule was as the plaintiff's counsel stated, contended, in substance, that a distinction was to be taken between an obstacle which might be rightfully in the highway and one which would constitute a defect *per se;* that the surveyor was not called upon to decide the question of law, whether, if the boiler was left there without necessity and was an obstacle to the public travel, it constituted in law a defect, but whether, as matter of fact, he knew it was left there without necessity, such absence of necessity being the illegal element which would constitute a defect. R. S., c. 18, § 74.

VIRGIN, J. The first paragraph of the bill of exceptions is somewhat ambiguous; but giving it the construction which was probably intended by the plaintiff, the jury must have found that the boiler was left upon the highway by necessity. The instructions under which that question was submitted to the jury are not excepted to, and neither is there any motion to set the verdict aside as being against evidence. On the other hand, the only question relied upon by the plaintiff pertains to the instruction in relation to notice. On this point the presiding justice instructed the jury as follows:

" If the boiler was left unlawfully there (in the highway) the town must have had notice that it was unlawfully there; that is, the town must have had notice that the parties charged with the transportation of it had left it without necessity within the traveled part of the highway, or that part of the highway wrought and prepared for public travel. It would not be sufficient merely to show notice to the town that it was there. But the illegal element must be brought home to the knowledge of the town. It

must be shown that the town had knowledge that it was left there without necessity. Because, until they had such knowledge, neither the highway surveyor nor any of the town officers would have a right to interfere with it."

We think the instruction is entirely correct.

But the plaintiff cites several decisions of this court, which hold that the " reasonable notice " mentioned in R. S., c. 18, § 65, is information of the " actual condition " of the road; and that although the statute uses the phrase " reasonable notice of the defect," still it is not necessary that the officer of the town having notice of the actual condition should recognize it as, or believe it to be, a defect. And while the plaintiff does not question this construction of the statute, he contends the instruction given required more, and that it is therefore inconsistent with the decisions. In other words, that knowledge of the mere fact that the boiler, loaded on a truck, was on the wrought part of the way was all that the decisions required; while the instruction called for knowledge, not only of the fact of its being there, but also that it was not there by necessity, which would constitute a recognition of it as a defect.

We do not so understand the effect of the instruction, but consider it to be in perfect harmony with the decisions cited on the plaintiff's brief upon this point.

Ways are required to be reasonably " safe and convenient for travelers with horses, teams and carriages ; " and if any one be injured in person or damaged in property through any defect in any way, he may, under certain circumstances, recover for the same. There are numberless kinds of defects. Every team traveling along, and upon a highway more or less obstructs and hinders others traveling in the same or opposite direction, and to some extent thereby renders the way unsafe and inconvenient. But the roads being made for teams to travel on, every person has a lawful right to use them, in a reasonable manner, for the purpose for which they are made. A defect, such as the statute contemplates, must be something which unlawfully impairs the reasonable safety and convenience of the way. Until some unlawful cause in fact exists, the town cannot be made responsi-

ble; nor then, unless they have reasonable notice of such cause, in order that they may remove it. And when they have reasonable notice of the existence of such a cause, whether they so consider it or not, they may be liable. In other words, the boiler, as it stood there in the road, was lawfully or unlawfully there according to the circumstances. If the owner hauling it there had abandoned it, of course it would have been illegally there, and the town upon reasonable notice should remove it. But if it were there in pursuance of the owner's legal right of transporting it from the depot to the navy yard, and it was delayed there by necessity longer than circumstances would have warranted had it been of much less weight, still, if there by necessity, the surveyor would have had no authority to remove it. R. S., c. 18, § 74. And unless the town knew it was there by necessity, it could not be said to have knowledge of the actual condition of the way.

It is further said that the instruction entirely ignores c. 18, § 50. Our opinion is otherwise. At the first glance §§ 50 and 74 would seem to be much the same. But upon following the suggestion of the plaintiff and reading § 50 in the light of its original language, it will readily be perceived that the two sections relate to entirely different matters. Thus the language of the original § 50 is: "The surveyors shall have full power and authority to cut down, lop off, dig up and remove all sorts of trees, bushes, stones, fences, rails, gates, bars, inclosures or other matter or thing that shall in any way straiten, hurt, hinder or incommode the highway," etc. St. 1821, c. 118, § 14. Section 74 retains its original language. Thus the original of § 50 shows that in building or repairing highways the surveyor may remove any erection, natural or artificial, which narrows the way; while § 74 relates to things deposited on the way, which may be removed and sold.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, PETERS and LIBBEY, JJ., concurred.