JAMES W. PENDLETON *vs*. INHABITANTS OF NORTHPORT.

Waldo.    Opinion November 30, 1888.

*Ways. Defect. Notice.*

Notice to the town officers that a culvert was not of sufficient size to readily vent the water seeking its way through it, in time of a freshet, is not notice of a defect in the way produced by an overflow of the water at such time.

ON report.

This was a special action of the case under R. S., c. 18, § 80, to recover the value of a horse alleged to have died from the effects of injuries received on the twenty-ninth day of April, 1888, by reason of a defect in a way in the defendant town.

The facts are sufficiently stated in the opinion.

*J. H. Montgomery*, for the plaintiff, cited : *Smyth* v. *Bangor*, 72 Maine, 249 ; N. E. R. Vol. 1, page 118, R. I. ; *Hinckley* v.

*Somerset,* N. E. R. Vol. 5, page 377; *Monies* v. *Lynn,* 119 Mass. 273–5; *Brooks* v. *Somerville,* 106 Mass. 271; *Holmes* v. *Paris,* 75 Maine, 559.

*W. P. Thompson and R. F. Dunton,* for the defendants, cited: R. S., c. 18, § 80; *Spaulding* v. *Winslow,* 74 Maine, 564; *Church* v. *Cherryfield,* 33 Maine, 460; *Merrill* v. *Hampden,* 26 Maine, 234; *Moore* v. *Abbot,* 32 Maine, 46; *Farrar* v. *Greene,* 32 Maine, 574; *Smyth* v. *Bangor,* 72 Maine, 252; *Ryerson* v. *Abington,* 102 Mass. 526; *Parkhill* v. *Brighton,* 61 Iowa, 103; *County Com.* v. *Burgess,* 61 Md. 29; *Indianapolis* v. *Cook,* 99 Ind. 10; *Pittsburgh R. R. Co.* v. *Taylor,* 104 Pa. 306.

PETERS, C. J. The plaintiff's horse was injured while his owner was attempting to drive along a highway in the defendant town, at a place where a covered culvert had become broken and out of repair from an overflowing caused by unusually heavy rains. It was established at the trial that the culvert, in its original construction, was not of sufficient size to readily vent, at all times, the amount of water seeking its way through it, thereby causing an occasional overflowing of the road. The town, through its officers, did not have actual notice of the defective condition of the road twenty-four hours before the accident happened, and in fact the defect had not then existed that length of time. The town, however, knew of the narrowness of the culvert, and that it was inadequate to carry off the current of water to which it was occasionally subjected.

The plaintiff contends that knowledge on the part of the town of the original construction of the culvert, and of its susceptibilities and tendencies for getting injured and out of repair in case of a heavy rain-fall, was actual notice of the defect produced by such causes, and that the undersized culvert was the proximate and responsible cause of the accident.

We do not believe that the law imposes on towns such an enlarged liability as that construction would require of them. It would be frittering away the very reasonable requirement that, to establish liability, there must be actual notice of the actual

defect. Notice of the cause of the defect, or of some conditions which in some contingency might cause or create a defect, is not enough. The case of *Smyth* v. *Bangor*, 72 Maine, 249, is emphatical on this point, where it is said, " The notice must be of the defect itself, of the identical defect which caused the injury. Notice of another defect, or of the existence of a cause likely to produce the defect, is not sufficient." Other cases are to the same effect. *Bragg* v. *Bangor*, 51 Maine, 532 ; *Ryerson* v. *Abington*, 102 Mass. 526. There is every reason for adherence to this rule. Towns have suffered many harsh and inequitable verdicts in road cases under the old rules on the subject of notice. The present statute was intended to work a reform in that respect. In the case before us, the defect was the broken and not the unbroken culvert, the culvert as it was after and not before the deluge of rain. And of that the town had not the statutory notice.

*Judgment for defendants.*

DANFORTH, LIBBEY, EMERY, FOSTER and HASKELL, JJ., concurred.