CITY OF ROCKLAND *vs.* THE ROCKLAND WATER COMPANY.

Knox. Opinion December 27, 1889.

*Tax. Over-valuation. Time of payment. Interest. R. S., c. 1, § 6; c. 6, § 6, Par. X, 120, 121; R. S. of 1871, c. 6, § 93; Acts of 1876, c. 92; 1880, c. 176.*

Over-valuation cannot be set up as a defense to a suit to recover taxes.

Cities, under R. S., c. 6, §§ 120 and 121, must determine, at the time when the money is raised, and not afterwards, when their taxes shall become payable and what rate of interest thereafter shall accrue.

ON REPORT.

This was an action of debt against the defendant corporation for the collection of unpaid taxes for the municipal year 1886-7.

The list required by R. S., c. 46, § 30, to be filed by the clerk or treasurer, with the assessors on or before April 8, 1886, under oath, of all stockholders residing in Rockland, was not presented until April 14, and does not appear to have been signed or sworn to.

(Declaration.)

In a plea of debt; for that the said Rockland Water Company on the first day of April, A. D. 1886, was then located in said city of Rockland, and liable to taxation therein, and was then and there possessed of, and owner of, personal property; and then and there David H. Ingraham, Alden U. Brown and Charles L. Allen were the duly elected and legally qualified assessors of said city of Rockland; and the said assessors did duly and legally assess upon the personal property of said Rockland Water Company, as its proportion of the taxes of said city of Rockland and the due proportion of the state and county taxes alloted to said city of Rockland, for the year then current, the sum of six hundred and seventy-five dollars; and the said assessors thereafterwards, to wit, on the sixth day of August, A. D. 1886, did make a perfect list thereof under their hands, and commit the same to Andrew J. Erskine, who was then and there duly elected and legally qualified as collector of said city of Rockland, with a warrant in due form of law, of that date, under the hands of said assessors. And said city of Rockland avers that the payment of the said tax has been duly demanded of the said Rockland Water Company, by the said collector, prior to the commencement of this suit, and prior to the tenth day of October, A. D. 1886.

And said city of Rockland further avers that said tax by virtue of a vote of the city council of Rockland, passed prior thereto, became due and payable on the tenth day of October, A. D. 1886, and bore interest from and after said date at eight per cent per annum. And the said plaintiff further avers that the mayor and treasurer of said city of Rockland have ordered and directed this suit to be brought against the said defendant company.

Whereby, and by reason of the statute in such case made and provided, an action hath accrued to said city of Rockland, to have and recover of said Rockland Water Company the sum of six hundred and seventy-five dollars, with interest thereon from the date of October 10, 1886, and at the rate of percentage aforesaid.

Also, for that the said Rockland Water Company on the first day of April, A. D. 1886, was then located in said city of Rockland and liable to taxation therein, and that although the stock, or property of said company, had been divided into shares and distributed among divers stockholders, the clerk, secretary, or other officers of said company did not by the eighth day of said April return under oath to the assessors of said city of Rockland the names of such stockholders liable to taxation in said city of Rockland, the amount of stock owned by such stockholders on said first day of April, whereby and by reason of the statute in such case made and provided, such stock and personal property of said company became for the purpose of taxation the property of said company, and liable to taxation to said company; and said company was then and there possessed of, and owner, as aforesaid, of personal property, and that then and there David H. Ingraham, Alden U. Brown and Charles L. Allen were the duly elected and legally qualified assessors of said city of Rockland; and the assessors did duly and legally assess upon the personal property as aforesaid, of said Rockland Water Company, as its proportion of the taxes of said city of Rockland, and the due proportion of the state and county taxes allotted to said city of Rockland for the year then current, one other sum of six hundred and seventy-five dollars; and the said assessors thereafterwards, to wit, on the sixth day of August, A. D. 1886, did make a perfect list thereof under their hands and commit the same to Andrew J. Erskine, who was then and there duly elected and legally qualified as collector of said city of Rockland, with a warrant in due form of law, of that date, under the hands of said assessors. And said city of Rockland avers that the payment of the said tax has been duly demanded of the said Rockland Water Company, by the said collector, prior to the commencement of this suit, and prior to the tenth day of October, A. D. 1886.

And said city of Rockland further avers that said tax, by virtue of a vote of the city council of Rockland, passed prior thereto, became due and payable on the tenth day of October, A. D. 1886, and bore interest from said date at eight per cent per annum. And the said plaintiff further avers that the mayor and treasurer of said city of Rockland have ordered and directed this suit to be brought against the said defendant company.

Whereby, and by reason of the statute, in such case made and provided, an action hath accrued to said city of Rockland, to have and recover of said Rockland Water Company the sum of six hundred and seventy-five dollars, with interest thereon from the date of October 10, 1886, and at the rate of percentage aforesaid.

PLEA: General Issue.

*T. P. Pierce and E. K. Gould,* for plaintiff.

*W. L. Putnam and J. O. Robinson,* for defendant.

The tax is void because,

1st. There was embraced, in the valuation and tax, realty situated in Camden; which, both by general provisions of statute and by the express exemption relative to water companies was not assessable in Rockland, and the amount included on account of it cannot be distinguished.

2d. Likewise the real and personal estate of the corporation in Rockland was massed in one valuation and assessment beyond any possibility of severance.

3d. Therefore, because the assessors of Rockland have assumed jurisdiction to tax property which they could not lawfully tax, and because they have combined in one undistinguishable mass the two distinct subjects of taxation, namely: realty and personal property, and because also there is no method by which either the tax-payer, the city or the court can determine what is due from this corporation for the property within the jurisdiction of the assessors, or for either realty or personalty, the whole tax is necessarily void.

The aqueducts and conduits are realty; erroneously assessed as personalty.

HASKELL, J.   Debt for a tax.   The defendant was domiciled in plaintiff city and liable to taxation there.   A tax was laid upon specific parcels of defendant's real estate valued at $1,100, which it promptly paid, and upon "aqueducts, pipes, conduits, pumps and other personal property, including money on hand or at interest," valued in gross at $30,000.   To recover the tax assessed and laid upon the last item of valuation and interest thereon this suit was wrought.

I.   This is not the case of a tax-payer not domiciled within the jurisdiction of the assessors who laid the tax, and not liable to be assessed for a personal tax at all, as in *Briggs* v. *Lewiston*, 29 Maine, 472 ; and *Hathaway* v. *Addison*, 48 Maine, 440, and *Martin* v. *Portland*, 81 Maine, 293, and *Preston* v. *Boston*, 12 Pick. 7, or, if within their jurisdiction not liable to taxation, as in *Sumner* v. *First Parish in Dorchester*, 4 Pick. 361, and *Dunnell Mfg. Co.* v. *Pawtucket*, 7 Gray, 277, and *Massachusetts Genl. Hospital* v. *Somerville*, 101 Mass. 319, or as in *Torrey* v. *Millbury*, 21 Pick. 64, where a part of the assessment was laid without authority of law and could be distinguished ; but rather a case of over-valuation, as *Stickney* v. *Bangor*, 30 Maine, 404, and *Hemingway* v. *Machias*, 33 Maine, 445, and *Gilpatrick* v. *Saco*, 57 Maine, 277, and *Waite* v. *Princeton*, 66 Maine, 225, and *Bath* v. *Whitmore*, 79 Maine, 182, and *Osborn* v. *Danvers*, 6 Pick. 98, where a resident of Danvers sued to recover back a tax laid upon personal property invested in business in another state, and the court held that the action could not be maintained, because it was a case of over-valuation, and that the only remedy was under a statute similar to ours, providing a method to procure an abatement.

The law is clearly stated in *Howe* v. *Boston*, 7 Cush. pp. 273 and 275.   The court says :   "We consider the rule well settled in this commonwealth, that, where a party is rightfully taxed for any personal or any real estate, his remedy and his only remedy for an excess of taxation is by application for abatement. * * * But, on the other hand, if a person not legally liable to be taxed in a city or town is nevertheless assessed there, then the assessment is regarded as wholly void. * * * Personal estate

follows the domicile and is to be assessed to the owner in the place of his residence. Real estate is assessed in the town or city in which it is situated, to non-residents as well as residents. The former constitutes no lien on the property; the latter creates one on the premises assessed, for the amount assessed thereon. These differences in the mode of assessing and collecting taxes on personal and real property have caused each to be regarded, in law, as a separate and distinct class or subject of taxation in relation to which, the remedies of parties are entirely separate and distinct. But this distinction goes no farther than to allow the validity of an assessment on each class or subject of taxation to be determined by itself, irrespective of the other; *   * and in order to render the whole tax invalid on either kind of property, *   * it must be made to appear that the party aggrieved was not liable to assessment for any part of that class or subject of taxation, of which he complains. It follows, therefore, that a party cannot be permitted to go behind the assessment, either on personal or real estate, and look into the details and particulars of which the entire valuation is made up, and claim to recover back a portion of an entire assessment, on the ground that it included property of which he was not the owner, and for which he was not liable to assessment." *Lincoln* v. *Worcester*, 8 Cush. 55; *Bourne* v. *Boston*, 2 Gray, 494; *Salmond* v. *Hanover*, 13 Allen, 119.

How do these doctrines affect the case at bar? Clearly the intention of the assessors was to lay the tax in question upon personal property only. They had already assessed defendant's real estate separately. If the assessment were upon personal property alone, it would not be contended by defendant's counsel that the assessment would be insufficient to support the plaintiff's action. *Tobey* v. *Wareham*, 2 Allen, 594; *Noyes* v. *Hale*, 137 Mass. 266; *Bemis* v. *Caldwell*, 143 Mass. 299.

The assessment specifies, at least, some personal property liable to taxation; and was, therefore, legally laid, as a tax, upon that class of property. If the assessment was too large, for any reason, either from including property that the defendant did not own, or that was exempt from taxation, or that could not be lawfully

taxed as personal property, it is clearly a case of over-valuation, that cannot be set up in defense of this action.

What matters it, whether "aqueducts, conduits, etc.," are real estate under the doctrines of *Hall* v. *Benton*, 69 Maine, 346, and *Kittery* v. *Portsmouth Bridge Co.*, 78 Maine, 93 ; or whether they are exempt from taxation under R. S., c. 6, § 6, Par. X, because used by the city for the extinguishment of fires without charge ? In either case, when classed with personal property subject to taxation, under a valuation *in solido*, the result must be an over-valuation,—a valuation larger than can be justly placed upon the property liable to taxation. In such case abatement proceedings alone can fairly apportion what tax shall be paid and what remitted. If the defense, in this case, should prevail, injustice would be the result; for the court cannot know what portion of the tax should be paid and what remitted.

Where forfeitures are claimed for the non-payment of taxes, the most exact compliance with the law must be observed; but when taxes are sued for and the defendant is only asked to share his just proportion of the public burdens, the most liberal construction and consideration should be given to procedure in the assessment of taxes. *Cressey* v. *Parks*, 76 Maine, 532, 534.

II. R. S., c. 6, § 120, provides: "Towns at their annual meetings may determine when the lists named in § 97 shall be committed, and when their taxes shall be payable, and that interest shall be collected thereafter." Section 121 provides : "The rate of such interest, not exceeding one per cent a month, shall be specified in the vote, and shall be added to and become a part of the taxes."

So far, the statute seems plain ; but, when applied to cities under authority of R. S., c. 1, § 6, that provides, in the construction of statutes, "the word town includes cities and plantations, unless otherwise expressed or implied," the intent of the legislature is not plain, and the practical application of the statute becomes difficult. Towns may act under the statute at their annual town meetings when town officers are chosen and sufficient money is raised by vote to meet the necessary expenditures for the ensuing municipal year, and all other prudential affairs of the town are

usually considered. But cities have no annual meetings corresponding to those of towns. They have annual elections to choose the principal city officers; and these officers organize and become a council, where all levies of taxes are voted, and other city business is transacted, as it may arise during the municipal year.

R. S., of 1871, c. 6, § 93, provided: "Towns, at their annual meetings, may determine when their taxes shall be payable, and that interest shall be collected after that time." In 1876, this statute was made to include cities; chap. 92 provided: "Whenever a city or town has fixed a time within which taxes assessed therein shall be paid, such city, by its council, and such town at the meeting when money is appropriated or raised, may vote that on all taxes remaining unpaid after a certain time, interest shall be paid at a specified rate, not exceeding one per centum per month, and the interest accruing under such vote or votes shall be added to and be a part of such taxes."

In 1880, the legislature, without referring to the act of 1876, amended § 93 of R. S., of 1871, so that it should read as § 120 of R. S., now reads. The commissioner in his revision added § 121 and indicated in the marginal note that it contained the enactment of 1876. His revision went to the legislature, bearing the marginal note, and after being considered by a committee was finally enacted and the old statutes repealed. So it appears that no change in the law was intended, and, if sufficient phraseology remains in the statute, by fair construction, to give it the force intended by the legislature, it should be done.

The statute authorizes towns, at their annual meetings when the necessary levies for taxes are voted, to determine when the taxes shall become payable, and what interest shall thereafter accrue. In applying this statute to cities, the expressed limitations in it should be imposed, so far as they can be. City councils, after obtaining the estimates of the necessary expenditures for the municipal year, vote to raise the money to be assessed precisely as towns do at their annual meetings; and the same reasons apply with equal force to both, requiring them to then determine, if at all, when the taxes shall become payable, and what rate of interest thereafter shall accrue. The subject matter is

then vivid in the minds of those called to act upon it, and can never again so well receive intelligent consideration. Moreover, the tax payer then has ample notice of the time when his taxes will fall due, and he is given a fair opportunity to provide for them. It would be an unreasonable construction of the statute, that would give a city council power, at any time during the municipal year, even after the taxes have been assessed and committed for collection, to vote interest upon those that might be overdue and unpaid. That could never have been the intention of the legislature, as clearly appears from the act of 1876.

In the case at bar, the vote as to interest, touching the taxes in suit, in no respect complies with the requirements of the statute, and is therefore null.

*Judgment for plaintiff for the tax only,* $675.00,
*with interest from date of the writ.*

PETERS, C. J., WALTON, VIRGIN, EMERY and FOSTER, JJ., concurred.