INHABITANTS OF FOXCROFT *vs.* DAVID R. STRAW.

Piscataquis.   Opinion December 9, 1893.

*Taxes.  Tenant.  Exemption.  R. S., c. 1, § 4, rule X; c. 6, §§ 3, 6, cl. II; c. 6, § 9.*

The defendant built a cottage upon a lot of land under a parol license expressed as a lease *in perpetuam,* given by a campmeeting association, the owner of the land. *Held;* that he thereby became a tenant in possession of the land; and that the cottage and land were rightfully assessed as real estate to him as tenant in possession.

*Also,* that the lot was not exempt from taxation as it was not occupied by the corporation for its purposes within the meaning of R. S., c. 6, § 6, cl. II.

See *Foxcroft* v. *Piscat. &c., Assoc. post,* p. 78.

ON REPORT.

This is a statutory action of debt for taxes, assessed on a building and lot situated in Foxcroft on the campgrounds of the Piscataquis Valley Campmeeting Association. The defendant admitted that the assessment and all the other proceedings are

regular in form, but he denied his liability to be assessed, claiming that the property was exempt from taxation; and, if not exempt, that the building should have been taxed as personal property to him as resident of the town of Guilford.

*W. E. Parsons and C. W. Hayes*, for plaintiffs.

*Henry Hudson and J. S. Williams*, for defendant.

The buildings are personal property. *Doidge* v. *Bowers*, 2 M. & W. 365. Property is exempt from taxation. *Keyser* v. *School Dist.* 35 N. H. 477, 483.

SITTING: PETERS, C. J., LIBBEY, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

HASKELL, J. Debt for a tax laid upon defendant's cottage as real estate. The cottage was built by defendant upon a lot of land, under a parol license, expressed as a lease *in perpetuam*, given by a campmeeting association, the owner of the land, for the consideration of ten dollars. He thereby became a tenant in possession of land. Real estate may be assessed "in the town where the estate lies, to the owner or persons in possession thereof," R. S., c. 6, § 9; and real estate for the purposes of taxation includes "all lands, . . . and buildings erected on or affixed to the same," R. S., c. 6, § 3; and the word land includes "all tenements and hereditaments connected therewith, and all rights thereto and interests therein." R. S., c. 1, § 4, rule X.

The cottage and land on which it stood might properly be assessed as real estate to the defendant as tenant in possession. *Paris* v. *Norway Water Co.*, 85 Maine, 330; *Kittery* v. *Portsmouth Bridge*, 78 Maine, 93; *Hall v. Benton*, 69 Maine, 346; *Flanders* v. *Cross*, 10 Cush. 514; *McGee* v. *Salem*, 149 Mass. 238.

But it is asserted that the land was exempt from taxation as the property of a benevolent and charitable institution incorporated by this state, and that the building cannot be assessed as real estate exclusive of the land, and, therefore, the tax is void, as not having been lawfully laid upon land.

It may be that, if the land were exempt, there would be no taxable real estate upon which the tax could be laid. In *McGee* v.

*Salem, supra,* the land was assessed to the owner, and the greenhouse to the tenant, who owned and occupied the same ; and the court held the tax upon the greenhouse, apart from the land and assessed as real estate, invalid.   In the other cases cited, the assessments were :  on "store on turnpike in Lawrence ;" on "that part of Fairfield Boom situated in Benton ;" on "that part of Portsmouth Toll Bridge situate" in Kittery ; on "aqueducts, pipes, conduits, hydrants," &c., "situate in the town of Paris ;" all as real estate.   The description of each class of property included land appertaining to the several subjects of taxation, and the tax of each one was, therefore, properly laid upon real estate against the parties in possession of the same.

In the case at bar, the tax was laid upon a "campground lot and building thereon ;" and whether, if that lot were exempt from taxation, the tax upon the building would be invalid as a tax upon real estate, it is unnecessary to consider, for we are of. opinion that the lot was not exempt from taxation, as it was not occupied by the corporation for its own purposes, within the meaning of R. S., c. 6, § 6, division two, for the reasons stated, *post,* in *Foxcroft* v. *Piscataquis Valley Campmeeting Association.*

*Defendant defaulted.*