## NELLIE C. MORIARTY *vs.* CITY OF LEWISTON.

Androscoggin.    Opinion March 12, 1904.

*Way,* to be safe and convenient for travelers.    Duty of towns defined.
*R. S. 1903, c. 23, §§ 56, 76.*

The only standard of duty fixed by the statute relating to the maintenance of highways, and the only test of liability created by it, will be found in the requirement that the ways shall be "safe and convenient for travelers."

A condition of absolute safety beyond the possibility of an accident is obviously unattainable; a condition of reasonable safety only is required in view of the circumstances of each particular case.

The question is not whether in a given case the town used ordinary care and diligence in the construction and repair of the way, but whether as a result the way as constructed and maintained was in fact reasonably safe and convenient for travelers.

The way must be safe and convenient in view of such casualties as might reasonably be expected to happen to travelers; and a defect such as the statute contemplates must be something which unlawfully impairs the reasonable safety and convenience of the way.

*Held;* that a plank set edgewise across a brick sidewalk for the purpose of securing the brick in position, and rising vertically three inches above the level of the brick pavement of the walk, on a prominent residential street in the City of Lewiston, unlawfully impaired the reasonable safety and convenience of the walk, and rendered the city liable in damages to a traveler who stumbled over it while walking in the exercise of ordinary care.

Agreed statement.    Case remanded for assessment of damages by the jury.

This was an action to recover damages for an injury to the plaintiff, on the evening of March 3, 1902, while traveling along Elm Street toward Oak Street in the City of Lewiston, caused by her feet striking against a plank laid crosswise of the Elm Street sidewalk at its junction with a private driveway,—the plank being placed there edgewise or perpendicularly for the purpose of retaining in place the bricks composing a stretch of sidewalk whose continuation was of gravel.    The plank itself projected above the surface of the bricks

from three inches at the traveled part of the walk, gradually declining to a height of one and one-half inches at the curb-stone. The condition of the plank was the alleged defect in this case.

The defense admitted notice; the injury; and the condition of the sidewalk at the time of the injury; but contended that the condition complained of, the alleged defective plank, did not constitute a defect within the meaning of the statute.

*A. L. Kavanagh and W. H. Newell*, for plaintiff.

*Geo. S. McCarthy*, for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, POWERS, PEABODY, SPEAR, JJ.

WHITEHOUSE, J. This is an action to recover damages for personal injuries alleged to have been sustained by the plaintiff by reason of the defective condition of a sidewalk, which the defendant city was obliged by law to maintain and keep in repair so that it should be safe and convenient for travelers. The case comes to this court upon a statement of facts submitted by agreement of the parties, with a stipulation that "if the law court shall find that the plaintiff is entitled to recover, the case is to be remanded and damages assessed at nisi prius by the jury."

The condition of the sidewalk alleged to be defective and unsafe is described in the plaintiff's declaration, and in the agreed statement of the parties, as follows: "A plank was placed and suffered to remain edgewise across the sidewalk on the southerly side of Elm Street in said Lewiston, so as to present a perpendicular face toward College Street, which runs at right angles with said Elm Street, from one and one-half to three inches above the level of the brick paving of said walk; and said plank at the traveled part of said walk, viz: at a knot two and one-half feet from the curbing, presented a perpendicular face above the surface of said sidewalk of three inches, and gradually sloping to one and one-half inches at curbing, the said plank being placed at the westerly end of a stretch of brick sidewalk for the purpose of retaining the brick in front of a two and one-half story house numbered 83 on said Elm Street,

owned by one Ralph Wilkinson, and at the line where the land of Asa and Fred Donnell borders that of said Wilkinson, and was not at the junction of any cross-walk or street, but at the junction of the sidewalk and driveway adjoining, as shown by plan hereto annexed."

About a quarter before nine o'clock on the evening of March 3, 1902, the plaintiff was walking along on the brick sidewalk in question, struck her foot against the vertical face of the plank, and fell violently to the ground, receiving the injuries described in her writ. It further appears from the agreed statement that "on the evening of the accident there was no moon, that the sky was clear, but that the atmosphere was heavy with a haze; and that there was no artificial light at the place of the accident." It is also admitted that the plaintiff "had no notice of the condition of the sidewalk previous to the time of the injury," and that she was in the exercise of ordinary care at that time. Whether or not the plank in question, set edgewise across the sidewalk and presenting a vertical face three inches above the level of the brick paving, was such an obstruction to public travel upon it that the walk could not be deemed reasonably safe and convenient within the meaning of the statute, is the only question presented by the agreed statement for the determination of this court.

Section 56 of chapter 23, R. S. (1903), declares that "highways . . . legally established, shall be opened and kept in repair so as to be safe and convenient for travelers," etc. Section 76 of the same chapter provides that "whoever receives any bodily injury, or suffers damage in his property, through any defect or want of repair . . . in any highway . . . may recover for the same in a special action on the case."

The only standard of duty fixed by this requirement of the statute, and the only test of liability created by it, is that the way shall be "safe and convenient for travelers." But in the practical application of the statute to the highways of the state it has uniformly been held by this court that the words safe and convenient are not to be construed to mean entirely and absolutely safe and convenient but reasonably safe and convenient in view of the circumstances of each par-

ticular case. A condition of perfect safety, beyond the possibility of an accident, is of course unattainable; but a condition of reasonable safety is required. The question is not whether in a given case the town used ordinary care and diligence in the construction and repair of the way; but whether as a result the way as constructed and maintained was in fact reasonably safe and convenient for travelers. If through structural defects or want of repair the way is not reasonably safe and convenient and an injury is received through the defect alone, the sufferer is entitled to recover upon the conditions specified in the statute. It is immaterial whether the defect arose from negligence on the part of town officers or from causes which could not be controlled by the exercise of ordinary care and diligence on their part.

It was obviously impracticable and impossible for the legislature to prescribe and define all of the structural conditions and the precise state of repair required to make a highway safe and convenient. The methods of constructing and repairing public ways are necessarily determined in the first instance by the officers of the town to whom that duty is committed; but whether the result fulfills the requirements of the statute is a question which must ultimately be passed upon by the court and jury, whenever it arises. "What obstructions or other inconveniences will render a highway defective so as to make the town liable, if an injury is thereby occasioned, is to a considerable extent a matter of opinion or judgment, and it is one in relation to which persons of ordinarily good judgment are liable to differ." *Weeks* v. *Parsonsfield*, 65 Maine, 286. The location of the street, the amount of travel to be accommodated, and such other circumstances as may bear upon the question of reasonable safety in that place, must all be considered in reaching a conclusion. The way must be safe and convenient "in view of such casualties as might reasonably be expected to happen to travelers." *Perkins* v. *Fayette*, 68 Maine, 152, 154, 28 Am. Rep. 84; *Morse* v. *Belfast*, 77 Maine, 44. "A defect such as the statute contemplates, must be something which unlawfully impairs the reasonable safety and convenience of the way." *Bartlett* v. *Kittery*, 68 Maine 360.

In *Jones* v. *Deering*, 94 Maine, 165, speaking of the grade stake alleged to be a defect in that case, the court, acting with jury

powers, say in the opinion: "That it was dangerous is apparent from the injury it inflicted upon the plaintiff." The fact that a traveler sustains an injury upon a public way is competent to be considered in determining the question of the reasonable safety of the way, but it is obviously insufficient to establish the proposition that the way was not reasonably safe. The injury may have been caused by the traveler's own carelessness, or may have been the result of a "simple and unfortunate accident," as in *Haggerty* v. *Lewiston*, 95 Maine, 374, and not of any defect or want of repair in the way.

In the case at bar it is the opinion of the court that the plank complained of, rising vertically three inches above the level of the brick sidewalk upon which travelers were expected to travel in the night time as well as in the day time, did "unlawfully impair the reasonable safety and convenience of the walk." The fact that the plaintiff is conceded to have struck her foot against the plank and stumbled over it while walking in the exercise of ordinary care, is not only material but highly significant upon the question of the reasonable safety of the walk. It might reasonably have been anticipated that pedestrians having no previous knowledge of the condition of this plank would assume, as they would have a right to assume, that an apparently well constructed brick sidewalk on a prominent residential street would have a continuously smooth and level surface free from any obstruction of that height and character.

The facts in *Morgan* v. *Lewiston*, 91 Maine, 566, differed materially from those at bar. In that case the defect complained of was that the sidewalks at the junction of Main and Park Streets were not on the same level. The sidewalk on Main Street was of brick with a plank set upon edge at the outside of the walk, at the junction, to hold the brick in position, the top of the plank being flush with the surface of the brick walk. The Park Street walk was of gravel, and at the junction was lower than the surface of the brick walk, the difference in level varying from one to five inches at different points in the width of the walk. The plaintiff in that case was walking on the gravel sidewalk on Park Street and stumbled against the plank the upper edge of which was level with the surface of the brick walk on Main Street. If, like the plaintiff in the case at bar, she had been

walking on the brick sidewalk, she would have encountered no obstruction. The court held that it would be "unreasonable and impracticable" to require cities and towns to construct all of their sidewalks upon exactly the same level at the junction of rectangular streets.

In *Haggerty* v. *Lewiston*, 95 Maine, supra, the alleged defect was a shallow gutter which was constructed across the sidewalk to carry off the water from the conductor on the front of the building. The course of brick constituting the walk on one side of the gutter was about half an inch higher than the bricks in the gutter, and "about three-fourths of an inch or an inch" higher than the corresponding course of brick on the opposite side of the gutter. Thus the only vertical obstruction was about half an inch in height, and this condition was structural and not the result of a neglect to repair. It was held that such a slight inequality in the surface of the walk could not consistently be declared a defect.

For illustrations of obstructions and imperfections in sidewalks similar to the one at bar, which have been held sufficient to render the walk "unsafe" within the meaning of the law, see *George* v. *Haverhill*, 110 Mass. 506; *Dowd* v. *Chicopee*, 116 Mass. 93; *Marvin* v. *New Bedford*, 158 Mass. 464; *Sawyer* v. *Newburyport*, 157 Mass. 430; *Redford* v. *Woburn*, 176 Mass. 520; *Lamb* v. *Worcester*, 177 Mass. 82, and *Jones* v. *Deering*, 94 Maine, 165.

It is the opinion of the court that the defective condition of the sidewalk was the proximate cause of the plaintiff's injury and that she is accordingly entitled to recover.

*Case remanded; damages to be assessed by the jury.*