EDNA MAY WELLS *vs*. CITY OF AUGUSTA.

Kennebec.      Opinion, January 15, 1938.

*McLean, Fogg & Southard,* for plaintiff.
*Charles P. Nelson,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, MANSER, JJ.

STURGIS, J. Action on the case for damages for bodily injuries alleged to have been received by the plaintiff through a defect or want of repair in the highway known as Bangor Street in the City of Augusta. The case, having been referred under Rule of Court, comes forward on exceptions to the acceptance of the report.

The Referee, in an extended statement of his findings of fact and rulings of law, reports that at about seven o'clock in the morning of Monday, December 30, 1935, the plaintiff, while walking on the sidewalk on the easterly side of Bangor Street, was struck and seriously injured by a passing automobile which skidded on the icy surface of the street in an attempt to avoid a collision with other cars and ran up on to the sidewalk.

It is also found that small ridges on a large patch of ice in the street, formed by an overflow of water from a defective closet in the house of an abutting owner, caused the automobile to skid and the driver to lose control of it. The water had been running into the street and freezing at times for more than a week before the accident and the Street Commissioner of the city, learning of the condition of the way, had caused it to be treated with a mixture of sand and calcium chloride. The day before the plaintiff was injured, being Sunday, no sanding was done and water, either formed by the melting ice or running in from a further overflow from the abutter's closet, froze in the low temperature and covered the patch with a new coating of ice which obliterated the sanding which had already been done. The street where the ice formed was at no time closed, nor was notice of its condition given to the public.

In this state, it is provided by statute that "highways, town ways, and streets, legally established, shall be opened and kept in

repair so as to be safe and convenient for travelers" etc. R. S., Chap. 27, Sec. 65. And in Section 94 of the same Chapter, that "Whoever receives any bodily injury, or suffers damage in his property, through any defect or want of repair . . . in any highway . . . may recover for the same in a special action on the case" if, the way being one which the town is obliged to repair, the municipal officers or road commissioner of such town, or any person authorized to act as a substitute for either of them, "had twenty-four hours actual notice of the defect or want of repair."

In construing these statutes, this Court has uniformly held that the only standard of duty fixed, and the only test of liability created, is that the highways shall be constructed and maintained so as to be reasonably safe and convenient for travellers in view of the circumstances of each particular case, not that they shall be entirely and absolutely safe and convenient. Nor under the statute is the question of liability one of negligence and whether in a given case the officers of the town have used ordinary or reasonable care and diligence in constructing and maintaining the way. Regardless of the cause of the defect, if in fact the way is not reasonably safe and convenient, the town is liable to the traveller who is injured thereby in his person or property, and it is immaterial whether the defect arises from the negligence of the town or city officials or from causes which could not be avoided or controlled by them in the exercise of ordinary care and diligence, including the acts or omissions of others. *Cunningham* v. *Frankfort*, 104 Me., 208, 70 A., 441; *Moriarty* v. *Lewiston*, 98 Me., 482, 57 A., 790; *Morgan* v. *Lewiston*, 91 Me., 566, 40 A., 545; *Hutchings* v. *Sullivan*, 90 Me., 131, 37 A., 883; *Bryant* v. *Biddeford*, 39 Me., 193, 197; *Frost* v. *Portland*, 11 Me., 271.

What obstructions, irregularities or conditions or, as it is sometimes stated, inconveniences will render a highway defective so as to make the town or city liable for injuries occasioned thereby is ordinarily a matter of sound judgment upon which opinions may well differ. *Moriarty* v. *Lewiston*, supra. And as a general rule the conclusions of the triers of fact on that issue, unless manifestly wrong, will not be set aside. *Weeks* v. *Parsonsfield*, 65 Me., 285. It has long been settled, however, that as a matter of law mere slipperiness of

the surface of a way caused by either ice or snow is not a defect or want of repair within the meaning of the statute, and towns and cities are not liable for personal injuries or property damage resulting therefrom. The strictness of this rule is not relaxed because small ridges, waves or irregularities exist in the ice or snow which in themselves would not render the way unsafe if it were not slippery. "In this cold climate, where ice and snow cover the whole face of the earth for a considerable portion of the year, such an inconvenience ought not, and rightfully can not, be regarded as a defect. No amount of diligence can keep our streets and sidewalks at all times free from ice and snow." *Smyth* v. *Bangor*, 72 Me., 249.

The facts in *Smyth* v. *Bangor* are so analogous to those in the case at bar we think that decision controls here and can not be distinguished. There, the plaintiff slipped upon ice on a sidewalk, a part of the street and governed as to the duty of the municipal officers to keep it in a safe and convenient condition by the same statute. The opinion states as a proven fact that "Water which had oozed out of the adjoining bank, and the flow of which may have been increased by the drainage from a privy and a sink-spout, had run across the sidewalk and frozen, forming a spot of ice some six or eight feet long and the width of the sidewalk; and the witnesses estimate its thickness from one to three inches. It was in no respect an obstacle to travel except that it made the sidewalk at that place slippery. . . .

"The spot of ice on which the plaintiff slipped was nearly smooth, and almost as level as the sidewalk itself. There is no pretense that it formed a ridge or hummock upon the sidewalk. Some of the plaintiffs' witnesses say that as the water ran across the walk and froze it formed little ridges or waves; that the surface of the ice was a little wavy; but no one pretends that it had assumed a form or shape that would have been dangerous to travelers if it had not been slippery. The evidence leaves no doubt in our minds that it was the slippery condition of the sidewalk alone that caused the plaintiffs' injury."

In this case, the transcript of the evidence heard by the Referee and made a part of the bill of exceptions discloses that the water which caused the ice patch on which the automobile skidded ran out

from an abutter's premises into the gutter of the street and to a manhole which, in the freezing weather, quickly plugged and caused the water to back out upon the adjoining surface of the way. It flowed in sort of a circle thicker nearer the manhole but tapering off towards the center of the road, with small ridges where the overflow froze from time to time and stopped. No witness claims that the ridges were more than $\frac{3}{8}$ to $\frac{1}{2}$ an inch high or formed any obstruction to traffic travelling straight ahead in the street. One man, a lay witness whose qualifications do not clearly appear, was allowed to advance the opinion that the ice as it existed at the time of the accident would have a tendency to cause an automobile circling on it to skid. The operator of the automobile which did the damage, however, makes no such claim. His testimony is only that as he drove down the westerly side of Bangor Street that morning, a truck came out of an intersecting way, turned directly into his path and suddenly slowed down. Swinging out to pass, he saw a car approaching from the opposite direction, attempted to turn back in behind the truck and applied his brakes, with the result that his car began to skid and, in spite of his attempts to straighten it out, it ran across the street and struck the plaintiff as has already been described.

The evidence so recorded, stripped of inference which does not rise above conjecture, shows only that the automobile, when the brakes were applied, skidded on the slippery street and went out of control, a not unusual incident in winter automobile travel in this state. Such irregularities in the ice as existed were no greater or more dangerous than those found throughout the length and breadth of our highways where water, thawing and freezing in the winter weather, forms slightly irregular icy surfaces, or the heavy automobile travel on the ways rolls and wears the ice into small ruts and ridges. Under the existing statute, we are of opinion the doctrine of *Smyth* v. *Bangor* remains the only sound and reasonable rule to apply to such highway conditions.

We have not overlooked the argument advanced that the statute imposes a different standard of responsibility on municipalities when ice is formed in the highways from artificial causes and not by the natural fall of rain or snow. No such distinction was ob-

served or can be read into *Smyth* v. *Bangor* where the ice claimed to be a defect was formed by water which "had oozed out of the adjoining bank and the flow of which may have been increased by the drainage from a privy and a sink spout." There was not then and is not now room for that distinction under the rule of absolute liability established by the statute. If a way is not reasonably safe and convenient, the town, upon proper notice, is liable for injuries caused thereby, whatever and whoever may have caused the defect. If it is reasonably safe and convenient, there can be no recovery. *Hutchings* v. *Sullivan*, *Bryant* v. *Biddeford*, *Frost* v. *Portland*, supra; *Shearman & Redfield on Negligence*, 4th Ed., Sec. 366.

Nor in the absence of a statutory defect in the way can liability be predicated on the negligent failure of the Street Commissioner of Augusta or other municipal officer to remove, guard or give public notice of the ice formation. "This is not a common law action of negligence against an individual or a corporation, but a statutory remedy against a municipality, and the rights of the traveling public and the liability of the municipality are limited by the scope of the statute. Independent of statute there is no liability whatever on the part of municipalities for injuries caused by defective highways. The liability is a creature of the statute, and it does not extend beyond the express provisions." *McCarthy* v. *Leeds*, 116 Me., 275, 101 A., 448, 449. See *Huntington* v. *Calais*, 105 Me., 144, 73 A., 829. Obviously, decisions from other jurisdictions cited on this point, which are based on different statutes or the common-law rules of negligence, can not here be deemed of controlling import.

On the main issue in this case, we are of opinion that the evidence does not establish that the plaintiff was injured by a defect or want of repair in the highway for which the City of Augusta is liable. The exception reserved to the acceptance of the report finding to the contrary must be sustained.

The ruling below was also erroneous on another point and the objection made on that ground is well taken. It is clearly established that the ice patch in controversy on Bangor Street had been repeatedly treated with sand and calcium chloride during the week before the accident occurred on which this action is based, and each

time the slipperiness of the surface was removed or covered up. The mixture was adhesive and it may be inferred that it remained on the ice until another thaw or overflow formed a new coating. As late as half past three o'clock on Saturday afternoon before the accident, the ice was so treated and it was not then, according to the evidence, slippery and unsafe. It became so between that time and Monday morning, when the accident occurred, through a new thaw or overflow, of which and the slippery coating formed by it no city official had actual notice. There can be no doubt, we think, that it was the new coating of ice which caused the automobile in this case to skid. Assuming that the highway thereby became defective, which we have here decided it did not, it can not be held that the officers of the municipality had twenty-four hours actual notice of the defect for which recovery is claimed as required by the statute. "Notice must be of the defect itself, of the identical defect which caused the injury. Notice of another defect or of the existence of a cause likely to produce the defect is not sufficient." *Smyth* v. *Bangor*, supra; *Pendleton* v. *Northport*, 80 Me., 598, 16 A., 253; *Littlefield* v. *Webster*, 90 Me., 213, 38 A., 141; *Gurney* v. *Rockport*, 93 Me., 360, 45 A., 310.

In view of the conclusions reached on the points already considered, it is unnecessary to prolong this opinion by a discussion of other objections filed and argued. It appearing that the bill of exception is sufficient, the entry is

*Exceptions sustained.*