CITY OF LEWISTON *vs.* ALL MAINE FAIR ASSOCIATION.

Androscoggin.    Opinion, July 26, 1941.

*Thomas E. Delahanty,* for plaintiff.

*Frank W. Winter,* pro se.

*John G. Marshall,* for defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

STURGIS, C. J.    Action of debt by the City of Lewiston to recover taxes assessed in the years 1935, 1936 and 1937 against the All Maine Fair Association, a corporation located in Lewiston and organized under Chapter 70 of the Revised Statutes. A plea of the general issue having been filed and the case referred under rule of court, the plaintiff's exceptions to the acceptance of the report bring the case to the Law Court for review.

It is conceded that the taxes sued for were duly assessed in gross upon all the real estate of the Association, this action of debt in the name of the City of Lewiston was authorized, and the All Maine Fair Association is a scientific institution within the meaning of Par. III, Sec. 6, Chap. 13, R. S., which provides that included in the list of property exempt from taxation in this state is

"The real estate of all literary and scientific institutions occupied by them for their own purposes or by any officer thereof as a residence . . . ; but so much of the real estate of such corporations as is not occupied by them for their own purposes shall be taxed in the municipality in which it is situated."

The defendant Association contends that all its property is exempt from taxation under this statute. The City of Lewiston insists that part of the property is not occupied by the Association for its own purposes and is taxable by virtue of the exception to the exemption provision.

It seems to be indisputably established by the record that the real purpose for which the All Maine Fair Association was incorporated was to conduct agricultural fairs at Lewiston and to that end it has acquired a large tract of land in that city with a race track, grandstand, stables and divers other buildings thereon which it occupies and uses generally as a fair ground upon which it holds its annual fairs and at other times, when the fair is not in progress, conducts or by concession or lease permits pari-mutuel horse races, rodeos, circuses, shows and amusements. In its exhibition hall, but in an addition to it originally erected for use as an automobile display room, a use long since discontinued, the Association has for some years operated a skating rink throughout the year for revenue and as a venture foreign to the carrying on of its annual fair. The Association has regularly let certain parts of the property, for ground rental, to sundry persons as lots upon which to erect and maintain cottages. A small parcel of the property has for years been let, for an annual rental, charged if not collected, as a site of a part of a victualing house which extends from adjoining lands into and upon the fair ground. At least one of the stables has been let outright for hire to other persons for their own exclusive use. A part of the land in the fair ground tract is vacant and neither occupied or used at all by the Association for its own purposes.

There can be no doubt that a part of the property of the All Maine Fair Association is exempt from taxation. The land upon which the race track is laid out, the grandstand and the buildings used in connection with the operation of the annual agricultural fair having been acquired and designed and always used in good faith for that purpose are not taxable. This is true even though the Association sometimes has allowed other persons or corporations to temporarily and occasionally use a part of the property for a rental or occasionally itself has used a part of it for purposes foreign to the conduct of its fair when this could be done without interfering with its general occupation and use of the same property. This is the rule of *Curtis* v. *Odd Fellows*, 99 Me., 356, 59 A., 518. And within it falls the use of the fair ground and its appurtenances for pari-mutuel horse races, rodeos, circuses, shows and amusements. These uses apparently have been temporary and occasional only and have in no way interfered with the general use and occupation of the fair grounds by the Association for its own dominant purposes.

On the other hand it clearly appears that part of the property of the Association was taxable each and every year in which the taxes here sued for were assessed. It is admitted by officers of the Association that in each of those years one or more parcels of land were let for ground rental to persons as lots upon which to maintain cottages already erected thereon. In the same years land was let to the victualer as part of the site of her building and rental was charged. In the years 1935 and 1936 a stable was let to a riding master who occupied it in those periods, had exclusive use of it and paid rental. All these lettings were for revenue and the properties included therein were clearly not occupied by the Association for its own purposes. *Foxcroft* v. *Campmeeting Association*, 86 Me., 78, 29 A., 951; *Foxcroft* v. *Straw*, 86 Me., 76, 29 A., 950. Throughout all the tax periods the vacant land in the fair ground tract remained unoccupied and unused for Association purposes. It was taxable. *Park Association* v. *City of Saco*, 127 Me., 136,

142 A., 65; *Curtis* v. *Odd Fellows*, supra, p. 359, 59 A., 518; *Phillips Academy* v. *Andover*, 175 Mass., 118, 123, 55 N. E., 841. To the foregoing properties must be added that part of the exhibition hall used in the year 1937 for a skating rink. The dominant use of this property was apparently independent and alien to the conduct of the annual fair. It was property "from which revenue is derived." It was not occupied by the Association for its own purposes as contemplated by the statute. It was in the category of the hostelries run for hire in *Park Association* v. *City of Saco*, supra.

In this proceeding, however, the All Maine Fair Association cannot have the exemptions from taxation to which it is entitled under Par. III, Sec. 6, Chap. 13, R. S., deducted from the taxes assessed against it and here in suit. The taxes were assessed in gross against the entire property. The inclusion of exempt property in such an assessment was overvaluation which can only be remedied by abatement proceedings under Sec. 73, *et seq.*, Chap. 13, R. S. When a tax is assessed in gross, if any part of the property assessed is taxable, in an action of debt, judgment for the tax must be entered. Overvaluation is not a defense. *Foxcroft* v. *Campmeeting Association*, supra; *Rockland* v. *Rockland Water Co.*, 82 Me., 188, 19 A., 163.

The case was referred with right of exceptions reserved as to matters of law. On the issue presented as to whether the All Maine Fair Association has so used any of its property as to deprive it of the exemption from taxation provided in Par. III, Sec. 6, Chap. 13, R. S., the referees found for the Association and reported accordingly. This finding was clearly wrong. In view of the indisputability of the facts and the conclusions to be drawn therefrom, the correctness of the decision of the referees is one of law and the exception reserved to the acceptance of the report by the Trial Court is open for consideration by the Law Court. *Hawkins* v. *Theater Co.*, 132 Me., 1, 164 A., 628; *Wells* v. *The City of Augusta*, 135 Me., 314, 196 A., 638.

*Exceptions sustained.*