Curia.

This is a transitory action on promises in a writ sued bj the plaintiffs against the defendant, an inhabitant of Portland, in the county of Cumberland, issued out of the office of the clerk of, and returnable to, the Court of Common Pleas of Lincoln county.
The defendant pleads in abatement of the writ, because it was not sued in the county of Cumberland, but in the county of Lincoln, where the justices of the Common Pleas, and the jurors, are necessarily parties. The objection is founded in natural justice, which prohibits every man from being a judge in his own cause, unless with the consent of the adverse party. The plaintiffs, to support their writ, rely on the thirteenth section of the statute prescribing the forms of writs in civil actions, passed October 30, 1784. By this section it is enacted that, when both plaintiff and defendant live within the state, all transitory actions shall be brought in the county where one of the parties lives. They therefore insist that they had their option to bring this action either in their own county or in the county of Cumberland.
We must presume that the legislature intended to provide for the impartial administration of the laws; and we must construe this sec *490 tian consistently with that intent. By parties, the legislature meant individuals, who might change their place of living, and not the inhabitants of a county, who sue or are sued as a corporation. And a corporation aggregate has, in law, no place of commo[*546] rancy, although the corporators may have. We * are therefore of opinion that natural justice, which is an essential principle of the common law, requires us to abate this writ.
It has been urged that, if this writ is not within the statute, then the plaintiffs might have sued the defendant in any county of the commonwealth, and were not obliged to sue him in the county of Cumberland, — and therefore the plea is bad in form. But we have not minutely attended to the form of the plea, because the objection appears on the face of the writ, and it is competent to the Court to quash it ex officio, or on motion.
We are, however, not prepared to say that the statute is to have no effect where either of the parties are the inhabitants of a county. Perhaps the statute ought to be conformed to as nearly as possible, consistently with the eternal principles ■ of justice. In the present case, had the action been sued in Cumberland, where the defendant lives, the words of the statute would have been satisfied. The difficulty will arise when a county is one party, and an individual inhabitant of that county the other party. This happens when the sheriff shall sue his county, to reimburse himself for the damages he has been compelled to pay for the escape of a debtor through the insufficiency of the jail. The statute for regulating prisons has, in that case, authorized the sheriff to bring his action in his own county, or in one of the next adjoining counties, at his election. From analogy to this statute, perhaps, when any other inhabitant of a county is plaintiff against the inhabitants of the county, the suit may be brought in the county where the plaintiff lives, or in either of the adjoining counties, at his election. But if the inhabitants of the county are plaintiffs, the suit may be brought in an adjoining county. Of these points, however, we give no opinion. A greater difficulty will arise when the action by or against the inhabitants of a county is local, arising within the county. The Court having no power to direct the trial in another county, there will be a defect of justice, without particular relief provided by the legislature.
All these difficulties would be removed by investing this Court with power to adjourn any cause, from a county where an impartial trial cannot he had, to an adjoining county, for a trial [*547] *by disinterested and unexceptionable jurors. This power we do not possess; and it is enough for us to exe *491 cute with fidelity the powers which we have, without assuming those with which we have not been intrusted. (a)
Lee for the plaintiffs.
Wilde for the defendant.

Writ abated

 Hawkes & Al. vs. Kennebeck,7 Mass. Rep. 461.— Gage vs. Gannet & Al. 18 Mass. Rep. 176.—Pierce vs. Atwood, 13 Mass. Rep. 324.— Commonwealth vs. Ryan, 5 Mass. Rep. 30. — Sed vide Brown vs. Somerset, 11 Mass. Rep. 221.— Commonwealth vs. Worcester, 3 Pick. 462.