## NANCY C. HUTCHINGS *vs.* INHABITANTS OF SULLIVAN.

### Hancock.    Opinion April 2, 1897.

*Way. Boundaries. Defect. Notice. Sidewalk. R. S., c. 18, §§ 80, 95.*

The Revised Statutes, c. 18, § 95, declare that when buildings or fences have existed more than twenty years fronting upon any way, street, lane, or land appropriated to public use, the bounds of which can not be made certain by records or monuments, such buildings or fences shall be deemed the true bounds thereof. In an action to recover damages caused by a defect in the highway, *held;* that the plaintiff can establish the limits of the way in the manner referred to in this statute.

When private parties construct a sidewalk within the limits of a highway, which has the character and general apppearance of a public walk, so that thereby the public is justified in believing that they are invited to walk upon it as a part of the public way, and it is thus used for a series of years by the public, the town will be liable for defects in it the same as if the town had constructed it in the first place.

*Held;* that the following location of the defect in a highway, in the statutory notice to the selectmen of the town, is stated with reasonable certainty: "A hole in the sidewalk situated between Hotel Cleaves and Dunbar Brothers' store upon town way in said town of Sullivan."

A verdict against a town for personal injuries caused by a defective highway, will not be set aside as against evidence and for excessive damages, when it appears that the evidence was sufficient to justify the jury in finding that the municipal officers of the town had the statutory notice of the defect; that the sidewalk was clearly defective; and that the verdict for a broken arm and other serious injuries is only three hundred dollars.

### ON MOTION AND EXCEPTIONS BY DEFENDANT.

This was an action to recover damages from the defendant town alleged to have been received on account of a defect in a certain sidewalk within the town.

For the purpose of showing that the sidewalk was within the limits of some way in the defendant town, the plaintiff introduced a record of a location of a way made in 1818 by the county commissioners court, and then, claiming that the bounds of the way could not be made certain by records or monuments, the plaintiff sought to establish the limits of the way, under the provisions of R. S., c. 18, § 95, by introducing evidence tending to show that

certain fences had existed for more than twenty years fronting on said way, and that the sidewalk was between the fences and the wrought or traveled part of the way.

The defendants claimed that the statute did not apply to this class of cases; and that so far as this case is concerned, the plaintiff could not establish the limits of the way in the manner above referred to even by sufficient proof to satisfy all the requirements of said statute. There was no other evidence offered to show that the sidewalk was within the limits of any way in the defendant town.

Upon this question the presiding justice instructed the jury as follows: "Well, gentlemen, I can only say to you in relation to that, that if you find that this fence which is admitted to have been in existence for a period of more than twenty years, was erected as and for a boundary line of the abutting proprietor's lot, the boundary line between him and the highway, and has been there more than twenty years, it is to be deemed the true boundary line to-day."

Touching this point the judge further instructed the jury:—

"I can only submit that to you as a question of fact, whether that fence was built there for a boundary line fence. If so, you will be authorized to act upon it as a true boundary line at the present time; otherwise not. If you find that it was a boundary line, it is not in controversy that this sidewalk was within the limits of the highway."

To the giving of the foregoing instructions the defendants seasonably excepted.

It was not in controversy that the sidewalk in question was constructed by private persons and that the town had never made any repairs on it or assumed any responsibility for the repairs on it.

The defendants asked the court to rule that, under these circumstances, the town was not liable on account of any defect in said sidewalk. The presiding justice declined so to rule, but upon this point instructed the jury as follows: "But another important question arises here, and that is, that it is not in controversy that the sidewalk was not constructed by the officers of the town at the

expense of the town. It is not in evidence here that the town officers ever made any repairs on it, or assumed any responsibility for the repairs on this sidewalk; and thereupon the defendants ask that the rule of law should be laid down that the town ought not to be held liable under such circumstances, that they can only be held liable for sidewalks which they themselves construct, maintain and assume to keep in repair. Undoubtedly, as I have already said, the town would not be liable for any walk built by private parties just outside of the limits of the highway. But they have the control of the limits of the highway. The town authorities have it in their power to say to any parties who construct a sidewalk in the limits of the highway: ' Unless you keep this in a reasonably safe and convenient condition, you cannot maintain it here; we shall remove it as an unlawful obstruction.' They have control over it. Therefore I say to you, for the purposes of this trial, as a matter of law, that when private parties, with the knowledge and acquiescence of the municipal authorities, thus construct a sidewalk within the limits of the highway, which has the character and general appearance of a public walk, so that thereby the public are justified in believing that they are invited to walk upon it as a part of the public way—and it is thus used for a series of years by the public, by all who have lawful occasion to travel on the highway—you have a right to regard that as such an adoption of it, on the part of the town, as would render them liable for any defects in that sidewalk precisely the same as if they had themselves constructed it in the first place. If you find that the sidewalk was not of that character, or that there was anything to indicate that it was a private walk, it would of course deprive the plaintiff of the benefit of this rule. There is no evidence here, as far as I am aware, tending to show that there was any notice that this was a private walk. If you find those facts to exist, you will be justified in finding that the town was liable to keep it in repair upon the same terms and conditions specified in the statute as though they themselves had constructed it."

To the giving of the foregoing instructions the defendants seasonably excepted.

The plaintiff offered the following paper, as evidence that the fourteen days' notice, required by the statute to be given to one of the municipal officers, highway surveyor or road commissioner, had been given:—

"To Henry Boynton, one of the Selectmen of the town of Sullivan, in the County of Hancock, State of Maine:

"You are hereby notified that the undersigned, Nancy E. Hutchings, of Steuben, Maine, sustained the following injuries by falling through a defect, being a hole in the sidewalk situated between Hotel Cleaves and Dunbar Brothers' store, upon town way in said town of Sullivan, on the evening of October 8th, 1895, viz.: right wrist broken, right arm and hip badly bruised, left wrist crushed and both knees badly bruised, and for which injuries she claims a damage of eight hundred dollars ($800).

NANCY E. HUTCHINGS,
By her Attorney, B. E. TRACY."

The defendants objected to the admission of this paper on the ground that it was insufficient under the statute, because it did not sufficiently describe the location of the defect. The same was admitted subject to objection, to the admission of which the defendants seasonably excepted.

*L. B. Deasy and B. E. Tracy,* for plaintiff.

1. Primarily the purpose of the statute, R. S., c. 18, § 19, is to provide a method of establishing the bounds of a way as against the adjoining proprietor. Incidentally, it also operates to establish the line as against the public. *Holbrook* v. *McBride,* 4 Gray, 215; *Morton* v. *Moore,* 15 Gray, 573; *Pillsbury* v. *Rockland,* 85 Maine, 419. Where a public way is proved to exist within certain limits, the rights and obligations of the town and of the traveler therein are not in any way affected by the manner of the establishment of the way, or the mode of proving its limits and boundaries.

2. A town is responsible for the safety of such part of its ways as are fitted for public travel and it cannot escape this responsibility by showing that it has been relieved of some of the cost of

original construction. *Aston* v. *Newton*, 134 Mass. 507; *Estelle* v. *Lake Crystal*, 27 Minn. 243; *Oliver* v. *Kansas*, 69 Mo. 79.

3. Location of the defect: *Rogers* v. *Shirley*, 74 Maine, 144; *Larkin* v. *Boston*, 128 Mass. 521; *Chapman* v. *Nobleboro*, 76 Maine, 427.

*Henry Boynton, A. W. King* (with him), for defendants.

The condition of the sidewalk as shown by the plaintiff's witnesses does not in legal effect constitute a defect or want of repair within the meaning of the statute. In *Witham* v. *Portland*, 72 Maine, 539, it is said: "Generally, such an issue is a pure question of fact depending upon the special circumstances of the particular case; but when the facts bearing upon the subject are unquestioned or are sustained by uncontroverted testimony, their legal effect is a matter of law."

There is no evidence in the case of the twenty-four hours' actual notice of the identical defect or want of repair which is alleged to have caused the injury.

There is no evidence in the case that properly shows that the place of the alleged accident was within a town way in the defendant town.

The town had performed its duty when it had prepared a well-wrought road of sufficient width running parallel with the sidewalk. *Farrell* v. *Old Town*, 69 Maine, 72; *Perkins* v. *Fayette*, 68 Maine, 152. The sidewalk was used for a special purpose—for foot-passengers alone and not for general travel, and was what it obviously appeared to be and contained nothing calculated to allure, deceive or entrap the traveler into concealed dangers. Under these circumstances the town is not liable. *Hall* v. *Unity*, 57 Maine, 529.

Relative to the adoption of ways by towns in cases where such roads were not originally legally laid out, the general rule is that, in order to hold a town liable for injuries occurring thereon, there must have been a user by the public for the prescriptive period of twenty years or a dedication and acceptance by the town; and in all our cases the town had apparently treated it in many ways as one of its highways. *Estes* v. *Troy*, 5 Maine, 368; *Burns* v.

*Annas,* 60 Maine, 288; *Mayberry* v. *Standish,* 56 Maine, 342. Where the alleged adoption by the town is that of a sidewalk·built by private parties, as in this case, we see no good 'reason why the period necessary for a full adoption of such walk should be less than twenty years (unless there is some act of dedication, and of acceptance by the town) and we contend that to make such adoption perfect there must be upon the part of the municipal officers, something more than a mere user for less than twenty years or passive knowledge and acquiescence in the building of the walk. There is no evidence in this case that the walk existed for twenty years, or that the town did any act tending to show that it regarded the walk as part of its public way.

The word hole indicates a breaking or perforation of the surface which does not, according to the evidence, exist in this case; a depression is a sinking of the surface without perforation.   Hence the notice does not describe the defect which, according to evidence produced by the plaintiff, caused the injury.   It describes another and different kind of defect and is not sufficient.   See *Kaherl* v. *Rockport,* 87 Maine, 527.

SITTING: PETERS, C. J., WALTON, EMERY, HASKELL, WISWELL, STROUT, JJ.

WALTON, J.   This is an action to recover damages for injuries claimed to have been received through a defect in a concrete sidewalk in the town of Sullivan.   There was a depression in the sidewalk about three feet long, two feet wide, and five and a quarter inches deep in the lowest place.   The plaintiff says that as she was walking along on this sidewalk on a dark, foggy evening, she stepped into this depression and was thereby thrown down, breaking her arm and otherwise injuring herself.   She has obtained a verdict for three hundred dollars; and the case is before the law court on motions and exceptions by the defendants.   We will first consider the exceptions.

I.   The Revised Statutes, c. 18, § 95, declare that when buildings or fences have existed more than twenty years fronting upon

any way, street, lane, or land appropriated to public use, the bounds of which can not be made certain by records or monuments, such buildings or fences shall be deemed the true bounds thereof. The defendants claimed at the trial in the court below that this statute does not apply to this class of cases, and that the plaintiff could not establish the limits of the way in question in the manner referred to, even by proof sufficient to satisfy all the requirements of the statute. The court ruled otherwise. We think the ruling was correct.

II. The defendants claimed that the sidewalk in question was built by private persons, and that the town had never made any repairs on it, or assumed any responsibility for repairs on it; and the defendants requested the court to rule that under these circumstances the town would not be liable for defects in it. The court declined to so rule, and instructed the jury that when private parties construct a sidewalk within the limits of a highway, which has the character and general appearance of a public walk, so that thereby the public is justified in believing that they are invited to walk upon it as a part of the public way, and it is thus used for a series of years by the public, the town will be liable for defects in it the same as if the town had constructed it in the first place.

We think this ruling was correct. We are not aware that this precise question has before been presented to this court; but it has been presented to other courts, and they have held that when a sidewalk has been built, no matter by whom or by what authority, and the municipal authorities have notice that it has become defective and dangerous to public travel, the municipality will be liable as though the sidewalk had been built by its express authority. *Village of Ponca* v. *Crawford*, 23 Neb. 662 (8 Am. St. Rep. 144); *Hill* v. *City of Sedalia*, 2 Mo. App. Rep'r. 1019. Am. Dig. July, 1896, p. 3829. And in the fourth edition of Shearman and Redfield on Negligence, § 366, the law is said to be that, where towns or other municipal corporations are declared by statute to be liable for defects in their highways, it is of no consequence that such defects were caused by third persons, so long as

the highway is thereby rendered defective within the meaning of the statute; that the mere fact that they were created by third persons without its consent is no defense to the corporation. We think the ruling upon this point was correct, and well supported by authority.

III. The defendants excepted to the admission of the plaintiff's notice to the selectmen of the town, on the ground that it did not sufficiently describe the location of the defect. The notice described the location of the defect as "a hole in the sidewalk situated between Hotel Cleaves and Dunbar Brothers' store upon town way in said town of Sullivan." The evidence shows that the distance between the hotel and the store was three hundred and fifteen feet,—a fraction over nineteen rods,—and it is urged in defense that while this might be sufficient if the defect were described in such a way that it might be readily identified, it is not sufficient where the defect is described as a "hole," with no other description; and *Chapman* v. *Nobleboro*, 76 Maine, 427, is cited in support of this position. The notice in the case cited was substantially like the notice in this case; and the objection to it was substantially the same; and if the notice in that case had been held to be insufficient, we think the same result must have followed in this case. But the notice was not held insufficient in that case. It was held to be sufficient. And on the authority of that case, and the reasoning by which the decision in that case was sustained, we think the same result must follow in this case. The fact must not be overlooked that the objection to the notice made at the trial in the court below was not to a want of accuracy in describing the defect or its location, but to a want of definiteness in stating its location. We think the location of the defect was stated with reasonable certainty, and that the objection to the admission of the paper to prove the statutory notice to the selectmen of the town of Sullivan was properly overruled.

IV. Motion. The defendants ask for a new trial on the ground that the verdict is against evidence and the damages exces-

sive. We do not think the request can be granted. The side-walk was clearly defective. It was made of concrete; and there was a sunken place in it, the bottom of which was five and a quarter inches lower than the surrounding surface. The plaintiff calls it a hole. The defendants call it a depression. It is immaterial whether we call it a hole, a hollow, a sag, or a depression. It was a place dangerous to travelers using the walk during a dark and foggy evening. And we think the evidence was sufficient to justify the jury in finding that the municipal officers of the town had the statutory notice of the defect. The plaintiff was a comparative stranger. She had not passed over the walk for more than two years. The evening was dark and foggy. And there were no lights. And as she passed along on the walk, she stepped into this sunken place and was thrown down. Her arm was broken, and she claims to have been otherwise seriously injured. The jury assessed her damages at three hundred dollars.

Surely, such a verdict can not be regarded as excessive in amount. And we do not think it is so clearly against the weight of evidence in other particulars as to require the court to set it aside and grant a new trial.

*Motions and Exceptions overruled.*