STATE OF MAINE

*vs.*

CHARLES K. DONNELL

STATE OF MAINE

*vs.*

CHARLES K. DONNELL AND ELLA OSGOOD.

Androscoggin.    Opinion January 16, 1928.

*Superior Courts of this state possess no inherent power to order cases transferred from one to the other, or from one to any other court, nor is such power conferred upon them by statute directly or by necessary implication.*

On exceptions.    A petition for a change of venue from the Superior Court of Androscoggin County to some Superior Court of some other county.    After a hearing the presiding Justice granted the petition and ordered the cases to be transferred to the docket of the Superior Court of Cumberland County, and respondents excepted.

Exceptions sustained.

The case fully appears in the opinion.

*Fred H. Lancaster, County Attorney, and H. E. Belleau,* for the State.

*Louis J. Brann, Frank T. Powers and Clifford & Clifford,* for respondents.

SITTING: WILSON, C. J., PHILBROOK, DUNN, BARNES, BASSETT, PATTANGALL, JJ.

PATTANGALL, J.    On exceptions.    These cases may be considered together.    The same questions arise in both.    The same considerations govern both decisions.

At the June term (1927) of the Superior Court of Androscoggin County, indictments were returned against these respondents; one against Donnell, charging him with manslaughter, another charging him, together with the respondent Osgood, with conspiracy. Both respondents were arraigned, plead not guilty, and the cases were continued. At the October term, the State presented motions for a change of venue in both cases. The presiding justice ordered the cases transferred to the docket of the Superior Court of the County of Cumberland. Respondents excepted to the decrees of the Court in this respect, challenging its authority to so order, and the plain issue thus joined is before us.

The Superior Court of Androscoggin County was created by Chapter 260, P. L. 1917.

Section 1 of the Act provides that "A Superior Court is hereby established at Auburn, within and for the County of Androscoggin, consisting of one Justice who shall be an inhabitant of said County."

Section 2 provides that "Said Justice shall establish a seal for said court."

Section 4 provides that "The original and appellate jurisdiction in all criminal matters now vested in and exercised by the Supreme Judicial Court within and for the County of Androscoggin, and all powers incident thereto shall be transferred to and conferred upon the Superior Court within and for said County, which Court shall exercise the same in the same manner as heretofore authorized by law to be exercised by the Supreme Judicial Court in said County."

Nowhere in the act, is any express authority given to transfer either civil or criminal cases from its docket to that of any other Court. If such authority exists, it must be found in the inherent powers of the Court or be implied from the language of Section 4.

By the great weight of authority and notwithstanding the dictum of *State* v. *Vannah*, 112 Me. 252, the Supreme Judicial Court of this state had authority, at common law, to transfer cases from one county to another, when it was necessary to do so, in order to procure an impartial trial. *Crocker* v. *Justices* of the Superior Court, 208 Mass. 162; *Cocheco R. R.* v. *Farrington*, 26 N. H. 428; *State* v. *Albee*, 61 N. H. 423; *Hewitt* v. *State*, 30 So. 795 (Fla); Cooke, 41 Md. 362; *Bell* v. *Niewahner*, 66 N. Y. Supp. 1096; *Shortwell* v. *Dixon*, 72 N. Y. Supp. 668.

But this is only true of courts of general jurisdiction whose authority equals in scope that of the Courts of Kings Bench in England. It is not true of courts of limited jurisdiction. It was not true of our early Courts of Common Pleas, established by Chapter 11, Mass. St. 1782. *Lincoln County* v. *Prince*, 2 Mass. 544; *Cleveland* v. *Welsh*, 4 Mass. 591; *Hawkes* v. *Kennebec*, 7 Mass. 461.

The Superior Courts in our state should not be confused with the Superior Courts of our neighboring New England states. Courts of Massachusetts, so entitled, possess, by statutory enactment, all of the powers of Courts of the Kings Bench as well as those formerly exercised by the Courts of Common Pleas.

Our Superior Courts are County Courts. Each was created independently of the others. They have no common seal. The presiding justice of each must be an inhabitant of the county in which he acts. Each has its own docket. They are in no way connected with and in no sense dependent upon each other. The common law confers upon such courts no power to transfer cases, one to the other.

Nor do the provisions of Section 4, Chapter 260 P. L. 1917, supply the needed authority. That section, in general terms, granted to the Superior Court of Androscoggin County full jurisdiction in criminal cases in that county, and, in order to carry on its work properly, in that respect, conferred upon it all of the powers incident to that jurisdiction then possessed by the Supreme Judicial Court, to be exercised as heretofore exercised by the latter Court in that county.

The Common law power of the Supreme Judicial Court did not authorize the transfer of cases from it to another court. It permitted a change in the place of trial only. Nor has that power been so enlarged by statute. Previous to the enactment of Chapter 45 P. L. 1872, there was no statute on the subject in Maine. With no material change, this law now appears as Section 25, Chapter 87 R. S. 1916: "Any Judge of the Supreme Judicial Court, while holding a nisi prius term, on motion of either party, shall, for cause shown, order the transfer of any civil action, or criminal case, pending in said Court, to the docket thereof in any other county for trial, preserving all attachments."

So far as this statute undertakes to grant authority to the Supreme Judicial Court to order a change of venue, it is declaratory of the common law but by its exact provisions it limits that power and pre-

scribes the manner in which it shall be exercised. Cases may be transferred by any Judge of the Supreme Judicial Court "while holding a nisi prius term," thus denying authority to make such transfer in vacation. *Powers* v. *Mitchell,* 75 Me. 364. A case pending in the Supreme Judicial Court may be transferred "to the docket thereof in any other county."

No authority is given it to transfer a case to the docket of another and independent court. It has not and did not have, at the time the Superior Court of Androscoggin County was established, power to transfer a case from its docket to that of the Superior Court of Cumberland County. The Superior Court of Androscoggin County could not, therefore, have acquired such a right by virtue of the provisions of the act of establishment by which it was endowed with certain powers of the Supreme Judicial Court. It could not acquire from the Supreme Judicial Court a power which that court did not possess.

When the Superior Court of Androscoggin County was asked to transfer a case "to its docket in some other county," it was obviously unable to comply with the request, for it had no docket in any other county. It possessed no power at common law to transfer a case from its docket to that of another court and no such power has been conferred upon it by statute either directly or by necessary implication.

In view of this finding it is unnecessary to consider the remaining questions raised by the bill of exceptions.

*Exceptions sustained.*