PACE et al. v. WOLFE, District Judge.

No. 5014. Decided July 15, 1930. (289 P. 1102.)

*Henry D. Moyle,* of Salt Lake City, for plaintiffs.

*A. A. Duncan* and *R. Garelick,* both of Salt Lake City, for defendant.

CHERRY, C. J.

Upon application of the plaintiffs, an alternative writ of mandate was issued requiring the defendant, as judge of the district court of Salt Lake county, to make an order changing the place of trial of a certain action pending in said district court or show cause why he should not do so. Upon the plaintiff's petition and the answer and motion to quash filed by the defendant, the matter has been submitted to this court. The controversy arises upon the following facts, which are not disputed, viz.: On December 11, 1929, Isaac Wax, as plaintiff, commenced an action by the filing of a complaint in the district court of Salt Lake county against Verne Pace and Dolan Brian, as defendants, to recover damages for an assault and battery alleged to have been committed by the defendants upon the plaintiff at Loa, in Wayne county. Hereafter the parties are referred to as they appeared in the action in the district court. Summons in the action was served upon the defendants, and in due time they, on the 10th day of January, 1930, filed separate demurrers to the plaintiff's complaint and at the same time each served upon the plaintiff and filed a written motion and demand for a change of the place of trial of the action to Wayne county, together with an affidavit of merits and proof that the defendants did not reside in Salt Lake county, etc. On January 27, 1930, the plaintiff in that action served upon the defendants notice that the defendants' demurrers would be called up for hearing before the district court on February 8, 1930. On the date last mentioned the attorneys for the respective parties appeared before the district court. The defendants' attorney insisted upon his motions for a change of the place of trial, and objected to the hearing of the demurrers until after the motions were disposed of. The plaintiff's attorney contended that the motions to change the place of trial were not before the court because the defendants had not given the plaintiff notice of the time and place when and where the motions would be presented. The

court took the matter under advisement for one week. On February 15, 1930, the attorneys for both sides again appeared before the district court and renewed their contentions as above stated. The district judge declined to hear or consider the motions of the defendants and proceeded to hear the demurrers which he determined two days later. On February 18, 1930, the defendants served notice on the plaintiff that their motions would be presented to the district court for hearing at the court room of the court on March 8, 1930. On the day appointed, the attorneys for the respective parties again appeared, and the motions were submitted. On March 14, 1930, the district court made and entered its order denying the motions upon the ground that they were not timely made.

It plainly appears that the action was not brought in the proper county for the trial thereof, and that the defendants have the right to have the place of trial changed, unless they have waived such right. This is not denied. It is contended that the right is lost because the defendants did not by formal notice bring their motions and demands before the court for hearing until nearly two months after they were filed. As before seen, the defendants' attorney on February 8 and again on February 15, 1930, in open court and in the presence of opposing counsel insisted upon the motions being heard. The court finally on February 15, 1930, denied a hearing until formal notice of hearing was given to opposing counsel. Three days thereafter the defendants served formal notice in writing that on March 8 thereafter their motions would be called up for hearing.

Whether a formal notice of the time and place of hearing such a motion is required before the court may determine it is not a necessary question for decision because such notice was given. And the notice was given within such time and under such circumstances as to exempt the defendants from any just charge of laches, negli-

gence, or unreasonable delay. Indeed, what delay occurred was occasioned solely by the plaintiff's own technical objection to hearing the motions. The denial of the substantial rights asserted by defendants upon the grounds of delay, under the circumstances, is wholly insupportable, and cannot be justified as discretionary or otherwise. The plaintiff had notice of the demand of the defendants at their first appearance, the time provided by law when the right is required to be asserted. Comp. Laws Utah 1917, § 6532. It was within his power to bring the motions on for hearing under his asserted rules of procedure, at any time, the same as he brought on the hearing of the defendants' demurrers. See *Wright* v. *Howe*, 46 Utah 588, 150 P. 956, L. R. A. 1916B, 1104. We are clearly of the opinion that the plain duty of the trial court was to grant the change of the place of trial of the action, and, according to *Hale* v. *Barker* (Utah) 259 P. 928, mandamus will issue to require it.

The motion to quash is denied, and the writ is made permanent.

STRAUP, ELIAS HANSEN, EPHRAIM RANSON, and FOLLAND, J.J., concur.