285 P.2d 843

George N. CANNON, d/b/a Intermountain Supply Company, Plaintiff and Respondent,

v.

B. K. TUFT, Defendant and Appellant.

No. 8292.

Supreme Court of Utah.

July 7, 1955.

Tex R. Olsen, Richfield, for appellant.

George M. Cannon, Salt Lake City, for respondent.

CROCKETT, Justice.

This appeal involves the use of the motion to dismiss to object to improper venue. We hold that the motion to dismiss is inappropriate for such purpose.

Plaintiff commenced suit on a contract in the District Court for Salt Lake County, the complaint showing on its face that the defendant was a resident of Salina, Utah, in Sevier County. Plaintiff admits on this appeal that proper venue would have been Sevier rather than Salt Lake County.

Defendant filed a "Motion to Dismiss for Improper Venue," which the court denied. Notice of the denial was mailed to defendant September 9, 1954, and before defendant had filed his answer to the complaint a default judgment was taken against him one day before time for answer had elapsed.

Defendant thereafter filed a motion to vacate the default judgment on the ground that the judgment was void. At the same time he moved for a rehearing of his motion to dismiss, concluding thus:

"If this Honorable Court determines that venue cannot be raised by a motion to dismiss, Defendant prays leave to file the proper motion and to be heard by the Court upon such motion. * * *"

The motion for rehearing was denied, but the court did order the default judgment vacated *"upon the condition* that the defendant serve and file an *answer* to the complaint within ten days. * * *"

Defendant thereupon answered, raising as a "First Defense" improper venue, and as a "Second Defense" a general denial. He then sought and obtained this intermediate appeal to review the propriety of the foregoing actions by the trial court.

The primary question presented is whether under the Utah Rules of Civil Procedure a motion to dismiss is the correct form for objecting to venue improperly laid. The defendant points out that under the Federal Rules the "defense of improper venue may be interposed by motion to dismiss."[1] However, the Utah and

1. Barron and Holtzoff, 1 Federal Practice and Procedure, § 354.

Federal rules and practice are not always identical. It is true that Utah Rule 41(b) provides:

"Unless the court in its order for dismissal otherwise specifies * * * *any dismissal* * * *, other than a dismissal for lack of jurisdiction or *for improper venue,* operates as an adjudication upon the merits."

But the implication here that venue is properly tested by a motion to dismiss is apparently an inadvertence, the Utah rule having adopted too literally the wording of the Federal rule after which it was patterned. The difference in practice is made clear by comparison of the official forms appended to the rules. Federal Form 19 includes improper venue as one of the grounds for a motion to dismiss, but Utah Form 20 omits improper venue as a ground for the motion to dismiss. The Utah Committee's Note says:

"Federal Form 19 modified. No reference is made above to a motion to dismiss for lack of venue * * *. Our statute [now 78–13–8] * * * authorizes change of place of trial where there is improper venue."

The Utah statute on venue, just referred to, states:

"If the county in which the action is commenced is not the proper county for the trial thereof, the action may nevertheless be tried therein, unless the defendant at the time he answers or otherwise appears files a *motion,* in writing, *that the trial be had in the proper county.*"

The statute thus clearly provides that objection to venue is made by *motion* for change of place of trial rather than by motion to dismiss and no mention is made therein of dismissal. Moreover, dismissal would entail the extra expense and trouble of recommencing suit in another county, contrary to the avowed objective of our new rules of simplifying procedures to permit expeditious and inexpensive trial of causes. A statement from Sanipoli v. Pleasant Valley Coal Co.,[2] written during a period when the change of venue statute had been repealed, is pertinent:

"If the court of the county where the action was commenced had jurisdiction of the subject-matter, and the defendant was there subject to the process of that court, but by reason of some constitutional or statutory provision he had the right to insist that the action be 'tried' in another county, we see no authority of the court to dismiss the action, as was here done by it."

Though we unanimously affirm the trial court's orders denying defendant's motion to dismiss, inasmuch as the cause is to be remanded for further proceedings we ought to inquire whether defendant is now foreclosed from further objecting to venue.[3]

---

**2** 1906, 31 Utah 114, 86 P. 865, 867.

**3.** Compare Rule 76(a).

Plaintiff does not dispute here that venue was improperly laid or that defendant would have had a right to change if he had moved properly,[4] but urges that by making the motion to dismiss instead of the proper motion, for change of venue, he is now precluded from making the latter motion. This would be true (1) if the order vacating judgment validly imposed the condition that the defendant must waive his right to object to improper venue and answer, or (2) if the venue statute, requiring that the motion for change of place of trial be made at the "time he answers or otherwise appears," means that the making of any other motion at defendant's first appearance precludes him from making a motion for change of venue thereafter.

■ As to (1) above, the wording of the court's order might be construed as imposing the condition that the judgment be vacated only upon answer by the defendant, waiving any further right to object to venue. It is unquestioned that the entry of the default judgment was one day premature. And though a prematurely entered default judgment is not void,[5] the failure to allow defendant his full time to appear and defend violates an important procedural guarantee and constitutes error which the defendant could have corrected as a matter of right. The court, therefore, could not properly impose a condition as a prerequisite to setting the judgment aside, and the effect of the court's order was to leave the defendant as though the erroneous default judgment had never been entered.

■■ As to (2) above, the statute does require the defendant to file a motion for change of venue at his first appearance.[6] Uusually, making any other motion or appearance prior thereto would foreclose defendant from thereafter objecting to venue. However, where certain portions of our rules gave some semblance of propriety to the form of defendant's motion,[7] and under the other circumstances here present, we do not believe that he should be so foreclosed. The fact that the defendant's motion at his first appearance was not in proper form is less important than that at such appearance he clearly objected to the venue and continually thereafter persisted in attempting to have it rectified. After the first motion was denied, and the improper default against defendant was set aside, he addressed a motion to the court asking not only for dismissal but alternatively for "leave to file the proper motion"—a prayer

4. Buckle v. Ogden Furniture & Carpet Co., 1923, 61 Utah 559, 216 P. 684.

5. Freeman, 3 Judgments, § 1289 (1925).

6. Pace v. Wolfe, 76 Utah 368, 289 P. 1102.

7. It is also noted that Rule 12(b), following the Federal rules, implies that the matter of improper venue can be set up as a defense in the answer, which seems inconsistent with the motion required by section 78-13-8. The rules committee has indicated its intention to recommend that Rules 12(b) and 41(b) be changed to conform to our statute.

414

which the court could have regarded as a motion for change of venue, but which it ignored.

We affirm the action of the trial court in denying the motion to dismiss because it was not the proper method of challenging venue. This procedural problem thus having been settled, upon remand the trial judge will undoubtedly give due consideration to the question of venue to the end that the matter be properly adjudicated prior to the trial of the cause.

No costs are awarded.

McDONOUGH, C. J., and WADE, J., concur.

HENRIOD, Justice (concurring and dissenting).

I concur in the result for the reason that 78–13–8 clearly requires that, in order to effect a change of place of trial, a written motion to change the place of trial must be filed at the time of answer or other appearance. This was not done here and should end the matter. To permit, as the main opinion does, a departure from such procedure, with no authority for a subsequent filing of a proper motion, is to ignore and render impotent a clear, unambiguous provision of the statute, even though the same result is effected, i. e., affirmance of the trial court's denial of the motion to dismiss. I believe the main opinion judicially legislates and exceeds its constitutional prerogatives.

WORTHEN, Justice (concurring and dissenting).

I agree that the action of the trial court denying the "Motion to Dismiss for Improper Venue" was proper.

I likewise agree with the trial court in denying defendant's motion for rehearing.

I dissent from the suggestion that the trial judge has any discretion to "give proper consideration to the question of venue to the end that such matter be properly adjudicated prior to trial of the cause."

Section 78–13–8 U.C.A.1953 provides that although the "county in which the action is commenced is not the proper county for the trial thereof, the action may nevertheless be tried therein, unless the defendant at the time he *answers* or *otherwise appears* files a motion, in writing, that the trial be had in the proper county." (Emphasis ours.)

Defendant having failed to request a change of venue at the time he appeared, waived his right to have the case transferred.

If the trial court was right in denying the motion to dismiss and in its position that no proper motion for change of venue was made as required by our statute, I am of the opinion that the trial court has no discretion to further consider the question of venue.

Nor do I see that Rule 12(b) can afford any relief to defendant. The motion for

change of venue not having been made at the time defendant first appeared, any motion or other pleading raising the issue made subsequent thereto is too late.