238 So.2d 665 (1970)
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Appellant,
v.
NATIONAL BANK OF MELBOURNE AND TRUST COMPANY, As Executor of the Estate of Bess D. Balch and Ralph E. Balch, Deceased, Appellee.
No. 69-770.
District Court of Appeal of Florida, Fourth District.
August 31, 1970.
*666 Harlan Tuck, of Giles, Hedrick & Robinson, Orlando, for appellant.
Ralph Geilich, of Williams, Geilich & Potter, Melbourne, for appellee.
REED, Judge.
This is an interlocutory appeal from an order of the Circuit Court for Brevard County, Florida, dismissing a complaint for improper venue, but with leave to amend. The issue is whether or not the trial court erred in allowing the plaintiff leave to amend once the court had determined the venue was improperly laid.
The plaintiff, National Bank of Melbourne And Trust Company, filed its complaint in two counts. The first alleged that the defendant, Merrill Lynch, Pierce, Fenner & Smith, Inc., converted certain negotiable instruments which were the property of the plaintiff. The second count alleged that the defendant was negligent in handling certain negotiable instruments belonging to the plaintiff as a result of which the plaintiff allegedly sustained damages.
The defendant moved to dismiss the complaint or in the alternative to transfer the cause to Orange County, Florida, on the ground that Orange County  not Brevard County  was the proper venue under the pertinent venue statute, F.S. Section 47.051, F.S.A. The defendant supported the motion to dismiss by an affidavit of one of its officers which indicated that the defendant did not have an agent or representative in Brevard County during the time when the plaintiff's alleged cause of action accrued and that the various transactions which formed its basis occurred in Orange County. After a hearing on the motion, the trial court found that no allegations in the complaint or other evidence indicated the cause of action arose in Brevard County, Florida, and, on the basis of that finding, granted the motion to dismiss for improper venue. The order granting the motion to dismiss, however, allowed the plaintiff leave to amend its complaint.
Leave to amend a complaint is freely granted where the complaint is dismissed for failure to state a cause of action. Rule 1.190(a), F.R.C.P., 30 F.S.A. However, when a motion to dismiss for improper venue is before the court, other procedural considerations are involved.
The plaintiff is not required to plead facts in support of his selection of the venue for his suit. Inverness Coca-Cola Bottling Company v. McDaniel, Fla. 1955, 78 So.2d 100. If the defendant desires to contest the propriety of the venue selected by the plaintiff, he may do so by filing a motion to dismiss on the ground of improper *667 venue. Rule 1.140(b) (3), F.R.C.P.; Inverness Coca-Cola Bottling Company v. McDaniel, supra. A motion by the defendant to dismiss on the ground of improper venue raises issues of fact which must be resolved by an evidentiary hearing, unless the complaint shows on its face that venue is improper. A party contesting the venue selected by the plaintiff has the burden of clearly proving that the venue selected by the plaintiff is improper. Permenter v. Bank of Green Cove Springs, Fla.App. 1962, 136 So.2d 377, 379; Tribune Co. v. Approved Personnel, Inc., Fla.App. 1959, 115 So.2d 170, 174. As a part of this burden, the party contesting venue must demonstrate where the proper venue is. In ruling on a motion to dismiss for improper venue, if the movant successfully carries his burden, the trial court should make an affirmative finding as to the proper venue and, unless there is a compelling reason to the contrary, transfer the cause to that venue in accordance with Rule 1.060(b), F.R.C.P., rather than dismiss it. Foy v. State Road Department, Fla.App. 1964, 166 So.2d 688.
In the present case the defendant's affidavit in support of the motion to dismiss, when considered in conjunction with the allegations in the complaint, made a prima facie showing that the proper venue under F.S. Section 47.051, F.S.A., was Orange County. Based upon this affidavit, the trial court correctly determined that venue was not properly laid in Brevard County, but allowed the plaintiff to amend its complaint. In this latter respect we believe that the trial court erred. An amendment to the complaint which was dismissed solely for improper venue could serve only to allow the plaintiff by amendment to add new or different facts showing that the cause of action arose in Brevard County, or that venue was otherwise properly set in Brevard County. If the plaintiff had been possessed of any such facts, they should have been adduced at the hearing on the motion to dismiss as evidence in rebuttal of the showing made by the defendant. We, therefore, are of the opinion that the amendment should not have been permitted. But because of the apparent conclusion on the part of the trial court that the plaintiff might be able to establish Brevard County as the proper venue, it is our opinion that justice will best be served by remanding the cause to the trial court with directions to allow both parties an opportunity, under such terms as may be fixed by the trial court, to submit additional proof on the venue issue and to reconsider the motion to dismiss on the basis of the record as then constituted and to dispose of the motion in accordance with the principles outlined above.
The order appealed from is, therefore, reversed and the cause remanded with instructions.
McCAIN and OWEN, JJ., concur.