**Gertrude M. MARTEL**

v.

**INHABITANTS OF the TOWN OF OLD ORCHARD BEACH.**

Supreme Judicial Court of Maine.

Aug. 10, 1979.

Rocheleau & Fournier, P. A., Ronald P. Lebel (orally), Lewiston, for plaintiff.

Bernstein, Shur, Sawyer & Nelson, F. Paul Frinsko (orally), Portland, for defendant.

Before McKUSICK, C. J., and POMEROY, ARCHIBALD, DELAHANTY and NICHOLS, JJ.

NICHOLS, Justice.

On July 5, 1978, the Plaintiff, Gertrude M. Martel, a resident of Androscoggin County, commenced in Superior Court in that county an action against the Defendant, the Inhabitants of the Town of Old Orchard Beach, seeking damages for personal injuries which she sustained almost one year earlier on July 10, 1977 when she tripped over the metal base of a parking meter which projected above the surface of a sidewalk. She alleged her injuries were caused by the negligence of the Defendant Town in its maintaining this sidewalk.

Upon the motion of the Defendant Town, on September 19, 1978, the Superior Court ordered this action dismissed for improper venue unless within 10 days of that order the Plaintiff moved to transfer the action to the docket of that Court in York County.

From that order the Plaintiff brings this appeal, asserting alternatively (a) venue was properly laid in the county of her residence, and (b) if her initial choice of venue was wrong, the action should not be dismissed but transferred to the proper county.

Upon her second ground we sustain the appeal.

A threshold question is whether there has been a final judgment from which an appeal may be taken pursuant to Rule 73(a), M.R.Civ.P. Ordinarily, no appeal will lie unless the appeal is from a final judgment or comes within certain enumerated exceptions to the rule. *Boyle v. Share*, Me., 377 A.2d 458, 460 (1977). A judgment becomes final when it disposes of the action and leaves no further question for the future consideration of the court. *In re Spring Valley Development*, Me., 300 A.2d 736, 754 (1973).

It has been held that a denial of a motion for change of venue or an order transferring an action to a proper venue is non-appealable, *Codex Corp. v. Milgo Elec-*

*tronic Corp.,* 553 F.2d 735 (1st Cir. 1977); *American Fidelity Ins. Co. v. United States District Court for No. District of Cal.,* 538 F.2d 1371 (9th Cir. 1976). Here, by contrast, the effect of the Superior Court's order was that, once the ten day period had expired, the action was terminated. Thus, that order operated as a final judgment although the dismissal did not under Rule 41(b)(3), M.R.Civ.P., constitute an adjudication on the merits. *See Mobil Tankers Co. v. Mene Grande Oil Co.,* 363 F.2d 611 (3rd Cir. 1966), *cert. denied,* 385 U.S. 945, 87 S.Ct. 318, 17 L.Ed.2d 225 (1966), 9 *Moore's Federal Practice* § 110.13(6) ("order dismissing an action for improper venue . . . is a final order and is appealable"); *Annot.,* 49 A.L.R.2d 1036 (1956).

With that threshold question behind us, we next review the decision of the Superior Court as to the appropriate venue.

1. 14 M.R.S.A. § 8101 *et seq.* (Supp.1978).

2. 14 M.R.S.A. § 501 (Supp.1978) reads in full:

   Personal and transitory actions, except process of foreign attachment and except as provided in this chapter, shall be brought, when the parties live in the State, in the county where any plaintiff or defendant lives; and when no plaintiff lives in the State, in the county where any defendant lives; or in either case any such action may be brought in the county where the cause of action took place. Improper venue may be raised by the defendant by motion or by answer, and if it is established that the action was brought in the wrong county, it shall be dismissed and the defendant allowed double costs. When the plaintiff and defendant live in different counties at the commencement of any action, except process of foreign attachment, and during its pendency one party moves into the same county with the other, it may, on motion of either, be transferred to the county where both then live if the court thinks that justice will thereby be promoted; and be tried as if originally commenced and entered therein. Actions by the assignee of a nonnegotiable chose in action, when brought in the Superior Court or in the District Court, shall be commenced in the county or division · when brought in the District Court, in which the original creditor might have maintained his action.

3. 14 M.R.S.A. § 8113(2) (Supp.1978) reads in full:

   When any other statute expressly provides a waiver of governmental, sovereign or offi-

The Plaintiff urges that the Maine Tort Claims Act [1] is applicable to her claim; that, under that Act absent any express venue provisions, the general venue rules set forth in 14 M.R.S.A. § 501 (Supp.1978) [2] apply, and that she was thus permitted to commence the action in the county where she resides.

She is in error. 14 M.R.S.A. § 8113(2) (Supp.1978) [3] states that where a statute outside the Maine Tort Claims Act provides a waiver of immunity, that statute shall be the exclusive method for recovery of funds in any "fact situation" to which it applies. We observe that 23 M.R.S.A. § 3655 (Supp. 1978) [4] provides such a waiver of immunity and does encompass the fact situation presented in the case before us. *See Moriarty v. City of Lewiston,* 98 Me. 482, 57 A. 790 (1904) (plank obstructing sidewalk);

cial immunity, the provisions of that statute shall be the exclusive method for any recovery of funds in any fact situation to which that statute applies.

4. 23 M.R.S.A. § 3655 (Supp.1978) reads in full:

   Whoever receives any bodily injury or suffers damage in his property through any defect or want of repair or sufficient railing in any highway, town way, causeway or bridge may recover for the same in a civil action, to be commenced within one year from the date of receiving such injury or suffering damage, of the county or town obliged by law to repair the same, if the commissioners of such county or the municipal officers or road commissioners of such town or any person authorized by any commissioner of such county or any municipal officer or road commissioner of such town to act as a substitute for either of them had 24 hours' actual notice of the defect or want of repair, but not exceeding $6,000 in case of a town. If the sufferer had notice of the condition of such way previous to the time of the injury, he cannot recover of a town unless he has previously notified one of the municipal officers of the defective condition of such way. Any person who sustains injury or damage or some person in his behalf shall, within 180 days thereafter, notify one of the county commissioners of such county or of the municipal officers of such town by letter or otherwise, in writing, setting forth his claim for damages and specifying the nature of his injuries and the nature and location of the defect which caused such injury. If the life of any person is lost through such deficiency, his executors or ad-

*Hutchings v. Inhabitants of Sullivan,* 90 Me. 131, 37 A. 883 (1897) (depression in sidewalk).[5]

■ In this case the Plaintiff's exclusive method for recovery was an action brought pursuant to 23 M.R.S.A. § 3655. Venue is governed, therefore, by the provisions of 14 M.R.S.A. § 505 (1964); that statute directs in pertinent part:

[A]ll actions against towns for damages by reason of defects in highways shall be brought and tried in the county in which the town is situated.

The Town of Old Orchard Beach being located in York County, we conclude that for this action venue was improperly laid in Androscoggin County.

We next advert to the disposition made of this case after the Superior Court had correctly decided the appropriate venue.

The order of the Superior Court permitted the Plaintiff to move for the transfer to its docket in York County within a period of 10 days. There is no statute providing generally for changes of venue in civil actions. Neither do our statutes provide a mechanism for a change of venue for the purpose of securing an impartial trial because of local prejudice, or because of the disqualification or bias of a justice, upon the motion of an aggrieved party.[6] Our statutes contain no provision for a change of venue in civil actions upon a party's motion for the convenience of witnesses or otherwise to meet the ends of justice.

In sum, while the Legislature has made certain provisions for venue in Superior Court, it has not completely covered this area of the law.[7] The case before us not being governed by those statutes, it remains for the court to provide for such

---

ministrators may recover of such county or town liable to keep the same in repair, in a civil action, brought for the benefit of the estate of the deceased, such sum as the jury may deem reasonable as damages, if the parties liable had said notice of the deficiency which caused the loss of life. In any action against a town for damages for loss of life permitted under this section, the claim for and award of damages, including costs, against a town and its employees shall be limited and disposed of as provided under Title 18, section 2552, but shall not exceed $300,000 for any and all claims arising out of a single occurrence. At the trial of any such action the court may, on motion of either party, order a view of the premises where the defect or want of repair is alleged when it would materially aid in a clear understanding of the case.

**5.** 23 M.R.S.A. § 3655 (the first enactment of which was P.L.1821, ch. 118, § 17) has undergone several significant changes in recent years. It was amended by P.L.1977, ch. 2, § 3, effective January 31, 1977, by P.L.1977, ch. 578, § 7, effective July 25, 1977 and by P.L. 1977, ch. 591, §§ 4, 5. We do not reach the question of which of these amended versions of the statute is applicable in the instant case. Neither do we reach the question of whether a plaintiff's recovery may be statutorily limited where the damages arise out of the performance by the town of a purely proprietary function.

**6.** 14 M.R.S.A. § 508 (Supp.1978), enacted by P.L.1975, ch. 337, § 1, reads in full:

A presiding Justice of the Superior Court may, upon obtaining agreement of the parties, transfer any civil action or proceeding from the Superior Court in one county to the Superior Court in another county in the judicial region in which the case originated.

All parties may consent to any civil action or proceeding being brought in or transferred to any county in any judicial region other than the one in which venue is proper or to which transfer is permitted provided that the prior approval of the presiding justice of the judicial region where the case is to be brought or transferred is obtained.

We do not construe that statute as an exhaustive statement of the circumstances under which the Superior Court may transfer a civil action from its docket in one county to its docket in another county.

**7.** *Cf.* 4 M.R.S.A. § 155 (1964) which in greater detail treats transfer of venue in the District Court.

The Legislature has not addressed the problem which arises where an action governed by 14 M.R.S.A. § 505 (1964) for venue purposes is commenced in an improper venue. We are reluctant to import that portion of 14 M.R.S.A. § 501 (Supp.1978), requiring dismissal with double costs imposed, into 14 M.R.S.A. § 505 (1964) when such is not clearly required. The Legislature chose not to repeat in 14 M.R.S.A. § 505 a like provision for double costs, and it seems inappropriate to extend it to the special class of actions governed by 14 M.R.S.A. § 505.

change of venue as may be needed to secure the just determination of the action.

In most jurisdictions rules have been promulgated, or statutes enacted, requiring the transfer of a civil action rather than its dismissal where venue is shown to have been improper.[8] *See Goldlawr v. Heiman*, 369 U.S. 463, 466–67, 82 S.Ct. 913, 8 L.Ed.2d 39, 42 (1962); *Merrill, Lynch, Pierce, Fenner & Smith v. National Bank of Melbourne & Trust Co.*, 238 So.2d 665, 667 (Fla.1970); *Salay v. Braun*, 427 Pa. 480, 235 A.2d 368, 372 (1967); *Ex parte Phillips*, 275 Ala. 80, 152 So.2d 144, 148 (1963); *Cannon v. Tuft*, 3 Utah 2d 410, 285 P.2d 843, 844–45 (1955); *Wiggins v. Finch*, 232 N.C. 391, 61 S.E.2d 72, 73 (1950); *see generally Annot.*, 3 A.L.R. Fed. 467 (1970); Note, 27 *Okla.L.Rev.* 745 (1974).

■ Although these decisions are generally grounded in statutory provisions or court rules relating to venue, their pattern, nevertheless, is a useful guide in filling the interstices of our own incomplete venue provisions. We conclude that in an action, such as this, governed by the venue provision of 14 M.R.S.A. § 505 (1964), where the Superior Court finds the venue to have been improperly laid, it shall make an affirmative finding as to the proper venue and shall, if it be in the interest of justice, transfer such case to any county in which it could have been brought.[9]

We reach this result in view of the patent injustice to a plaintiff in the dismissal of his Superior Court action merely because he made an erroneous, but well-intentioned, guess regarding the existence of some elusive fact or the resolution of some complex legal question upon which venue provisions often may turn.[10]

Illustratively, in the case before us the Plaintiff's action may now be barred by the statute of limitations because of her counsel's good faith argument that her cause of action was governed by the Maine Tort Claims Act and, in turn, 14 M.R.S.A. § 501 (Supp.1978), the apparently applicable venue provision.

Furthermore, this result is in the spirit of Rule 1, M.R.Civ.P., which ordains that our rules of civil procedure should be construed to secure the just determination of every action, and of the provisions of 4 M.R.S.A. § 57 (1964), which would have us eschew dismissal for "technical errors in pleading alone."

■ The Superior Court erred in ordering this cause dismissed without first determining that a compelling reason required that result. The record before us contains no evidence of any reason, much less a compelling one, to dismiss the Plaintiff's action, rather than transfer it.

■ In the circumstances of the case before us justice requires that the Superior Court order this action transferred to its docket in York County.

The entry is:

Appeal sustained.

Order of dismissal vacated.

Remanded for further proceedings consistent with the opinion herein.

WERNICK, J., did not sit.

---

**8.** In the federal system it is provided by statute:
> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C.A. § 1406(a).

**9.** *See State v. Bobb*, 138 Me. 242, 252, 25 A.2d 229 (1942). For an excellent statement of the venue-changing powers of a state-wide court, as distinguished from the old county Superior Courts, *see* dictum by Pattangall, J., in *State v. Donnell*, 126 Me. 505, 506–07, 140 A. 186 (1928).
> The rule of the case now before us, like the federal statute cited *supra*, contemplates the transfer of the case to another county *in toto* and not *for trial only.*

**10.** Nothing in this opinion is intended to detract from the traditional rule that an objection to venue is waived unless timely raised. *Burtchell v. Willey*, 147 Me. 339, 342, 87 A.2d 658 (1952).

GODFREY, Justice, dissenting.

I see no error by the Superior Court. The judge gave plaintiff an opportunity to change venue, and she did not avail herself of it. Plaintiff has offered no excuse for her failure to act after she was told to take her action to York County within ten days or have her case dismissed. I do not understand why that was not an entirely correct way of handling the problem in view of the fact that our rules and statutes provide no express mechanism to effect transfer of venue.

The Superior Court's disposition of the matter had at least the virtue of giving plaintiff an incentive to remove her case expeditiously after she found her action had been brought in the wrong county. I see no such incentive in the rule adopted by the majority.